UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, BY AND THROUGH HIS NEXT FRIEND, RENA HUNTER; RUSSELL D. SENN; TRAVIS S. PARKS, BY AND THROUGH HIS NEXT FRIEND, CATHERINE YOUNG,<br><br>**Plaintiffs,**<br><br>vs.<br><br>JAMES V. PERDUE, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE ALABAMA DEPARTMENT OF MENTAL HEALTH,<br><br>**Defendant.** | Case No.: 2:16-CV-798 |

## DEFENDANT'S MOTION TO DISMISS
## COUNT 2 OF THE PLAINTIFF'S COMPLAINT

Comes now the Defendant James V. Perdue, in his official capacity as Commissioner of the Alabama Department of Mental Health, by and through undersigned counsel and hereby respectfully moves this Honorable Court pursuant to Rule 12(b)(6), Fed.R.Civ.P., to Dismiss Count 2 of Plaintiffs' Complaint ("Violation of the Americans with Disablilities Act"), and in support thereof, would show the following:

1.  The Plaintiffs claim that they have been found incompetent to stand trial in pending criminal proceedings in Alabama courts. ¶ 1, Plaintiff's Complaint. Based upon this finding, the Plaintiffs contend that they are entitled to competency restoration treatment pursuant to Rule 11.6, Ala.R.Crim.P. ¶ 15, Plaintiff's Complaint. The Plaintiffs are or were awaiting transfer from jails to an Alabama Department of Mental Health (hereinafter "Department") facility which performs competency restoration services. ¶ 2, Plaintiff's Complaint. The Plaintiffs' Complaint acknowledges that the

Department does in fact provide competency restoration services pursuant to Rule 11.6.  ¶¶ 14-18, 26, Plaintiffs' Complaint.  Rather, the Plaintiffs contend that they have encountered a delay in receiving these services which violates the Due Process Clause of the Fourteenth Amendment and the Americans with Disabilities Act (hereinafter "ADA").  ¶¶ 2-3, 63-64, 67-69, Plaintiffs' Complaint.

2. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8, Fed.R.Civ.P.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqblal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim for relief [is] … a context specific task that requires the reviewing court draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

3. The Plaintiffs' Complaint alleges a violation of Title II of the Americans With Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12132 *et seq.*  ¶ 3, Plaintiffs' Complaint.  The Plaintiffs' Complaint alleges more specifically that the Defendant has "failed to provide or cause to be provided through the Department of Mental Health reasonable accommodation of the Plaintiffs' disabilities."  ¶ 68, Plaintiff's Complaint.

4. "In order to state a Title II claim, a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public

entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1083 (11th Cir. 2007)

5. The Defendant concedes for the purposes of this motion that the Plaintiffs are qualified individuals with disabilities under the ADA. The Defendant would further concede that the Department is a public entity under the ADA. However, the Plaintiffs' Complaint fails to state a prima facie claim for a Title II violation because there is no allegation that the Plaintiffs have been denied competency restoration because of their disability. In fact, competency restoration services are provided by the Department to those mentally ill persons found incompetent to stand trial by the courts. The Plaintiffs' Complaint is very clear that competency restoration services are provided by the Department. The Plaintiffs acknowledge that they are or were on a waiting list to receive the services.

6. A delay in receiving a service which the Plaintiffs admit they are eligible to receive **because** of their disability and are in fact on a waiting list to receive once a bed is available does not state a claim under Title II of the ADA. In order to do so, the Plaintiffs would have to allege facts that demonstrate they are being denied or excluded from competency restoration **because of** a disability. This is not the case and the Plaintiffs have failed to allege such facts. Therefore, Count 2 of the Plaintiffs' Complaint is due to be dismissed.

Respectfully submitted this the 4th day of November, 2016.

                        LUTHER STRANGE
                        Attorney General

                        /s/ Thomas B. Klinner
                        Thomas B. Klinner (KLI003)
                        Assistant Attorney General and
                        General Counsel for ADMH

                        /s/ Edward C. Hixon
                        Edward C. Hixon (HIX003)
                        Assistant Attorney General

/s/ Ashley L. Nichols
Ashley L. Nichols (NIC040)
Assistant Attorney General

/s/ Nancy S. Jones
Nancy S. Jones (JON032)
Assistant Attorney General

Alabama Department of Mental Health
Legal Division
RSA Union Building
100 North Union Street
Montgomery, Alabama  36104
Tommy.klinner@mh.alabama.gov
Eddie.Hixon@mh.alabama.gov
Ashley.nichols@mh.alabama.gov
Nancy.jones@mh.alabama.gov
Telephone:  (334)242-3038
Facsimile:  (334)242-0924

**CERTIFICATE OF SERVICE**

      I the undersigned do hereby certify that I have caused a copy of the foregoing to be served on the below named individuals by filing with the Clerk of the Court using the AlaFile system which will send notification to same, this the 4th day of November, 2016.

| | |
|---|---|
| M. Geron Gadd, Esq.<br>Alabama Disabilities Advocacy Program<br>400 South Union Street, Suite 280<br>Montgomery, AL 36104 | J. Patrick Hackney, Esq.<br>William Van Der Pol, Jr., Esq.<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, Alabama 35487-0395 |
| Henry F. Sherrod, III, Esq.<br>Henry F. Sherrod, III, P.C.<br>119 South Court Street<br>P.O. Box 606<br>Florence, Alabama 35631-0606 | Randall C. Marshall, Esq.<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, Alabama 36109-0179 |

/s/ Thomas B. Klinner
OF COUNSEL

4