**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DEMONTRAY HUNTER, BY AND THROUGH HIS NEXT FRIEND, RENA HUNTER; RUSSELL D. SENN; TRAVIS S. PARKS, BY AND THROUGH HIS NEXT FRIEND, CATHERINE YOUNG,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No.: 2:16-CV-798** |
| **JAMES V.PERDUE, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE ALABAMA DEPARTMENT OF MENTAL HEALTH,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO COUNT 1**
**OF THE PLAINTIFFS' COMPLAINT**

Comes now the Defendant James V. Perdue, in his official capacity as Commissioner of the Alabama Department of Mental Health, by and through undersigned counsel and hereby answers Count 1 only of the Plaintiffs' Complaint ("Violation of the Fourteenth Amendment of the United States Consitution/42 U.S.C. § 1983") as follows (the Defendant has separately filed a Motion to Dismiss Count 2 of the Plaintiffs' Complaint):

## I. INTRODUCTION

1. The Defendant admits that the Plaintiffs have been found incompetent to stand trial for pending criminal charges in Alabama state courts due to mental illness. The Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

2. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

3. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

## II. JURISDICTION AND VENUE

4. The Defendant admits that this Court has subject matter jurisdiction over this action arising under various federal statutes. The Defendant denies that the Plaintiffs have valid or viable claims against him under such statutes.

5. The Defendant admits that this Court has subject matter jurisdiction over this action arising under various federal statutes and rules. The Defendant denies that the Plaintiffs have valid or viable claims against him under such statutes or rules.

6. The Defendant admits that venue is proper in this Court based upon the Defendant's location in the Middle District of Alabama. The Defendant denies that the Plaintiffs have valid or viable claims against him under said statute.

## III. PARTIES

7. Upon information and belief, admitted.

8. Upon information and belief, admitted.

9. Upon information and belief, admitted.

10. Upon information and belief, admitted.

11. Upon information and belief, admitted.

12. Upon information and belief, admitted.

13. The Defendant admits that he is the Commissioner of the Alabama Department of Mental Health which confers certain authority to him under the laws of Alabama. The Defendant admits that this authority includes competency restoration treatment by qualified clinicians upon commitment by Alabama state courts to the Department. The Defendant admits that the Department of Mental Health

receives state funds. The Defendant denies that the Department of Mental Health receives federal funds for competency restoration treatment. The Defendant denies any remaining allegations.

## IV. FACTUAL ALLEGATIONS

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied as stated.

19. Denied as stated.

20. Denied as stated.

21. Denied as stated.

22. The Defendant admits that federal courts outside of the Eleventh Circuit in the cases cited by the Plaintiffs have made such findings. The Defendant denies that any such holdings have been made by the Eleventh Circuit or any United States District Courts within the Eleventh Circuit to the best of his knowledge and belief.

23. The Defendant admits that this language is contained in *Jackson v. Indiana.* The Defendant denies that he has violated the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment.

24. The Defendants admits that this language is contained in *Jackson v. Indiana.* The Defendant denies that he has violated the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment.

25. Denied.

26. The Defendant admits that the statement attributed to him in quotation marks appeared in

an AL.COM article but denies that the statement was specifically referring to competency restoration services made the subject matter of this lawsuit. The quote is mischaracterized and misleading as used by the Plaintiffs in this paragraph of the Complaint. The Defendant denies that the statement was an admission of guilt for any claims raised by the Plaintiffs in this lawsuit.

27. Upon information and belief, the Defendant admits that the statement quoted in this paragraph appeared in the internet article cited by the Plaintiffs.

28. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

29. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

30. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

31. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

32. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

33. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

34. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

35. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

36. Upon information and belief, the Defendant admits that Plaintiff was arrested, charged with attempted murder, and placed in the Jefferson County Jail.

37. Admitted.

38. Admitted.

39. Admitted.

40. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

41. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

42. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

43. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

44. Upon information and belief, the Defendant admits that the Plaintiff was arrested and charged with murder. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

45. Admitted.

46. Admitted.

47. Denied. Plaintiff Senn has been transferred to Taylor Hardin Secure Medical Facility.

48. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

49. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

50. Upon information and belief, the Defendant admits that the Plaintiff has a history of mental illness. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

51. Admitted.

52. The Defendant admits that Plaintiff Parks was found incompetent to stand trial and was committed to the Alabama Department of Mental Health for competency restoration. The Defendant denies that Plaintiff Parks is incarcerated in the Houston County Jail as he has been transferred to Taylor Hardin Secure Medical Facility.

53. Denied.

54. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

55. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

56. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

## V. LEGAL CLAIMS

### COUNT 1

57. The Defendant incorporates by reference his responses to paragraphs 1 through 56 of the Complaint as if set forth fully herein.

58. The Defendant admits that this was the holding of the United States Supreme Court in *Jackson v. Indiana*. The Defendant denies that he has violated the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment.

59. Denied.

60. Denied.

61. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

62. The Defendant lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in this paragraph and therefore denies those allegations. The Defendant specifically denies that Plaintiff Parks is incarcerated in a county jail as he has been transferred to Taylor Hardin Secure Medical Facility.

63. Denied.

64. Denied.

65. Denied.

**COUNT 2**

66. The Defendant incorporates by reference his responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. The Defendant's response to Count 2 of the Plaintiffs' Complaint is set out in a separate Motion to Dismiss.

68. The Defendant's response to Count 2 of the Plaintiffs' Complaint is set out in a separate Motion to Dismiss.

69. The Defendant's response to Count 2 of the Plaintiffs' Complaint is set out in a separate Motion to Dismiss.

## VI. PRAYER FOR RELIEF

70. The Defendant denies that the Plaintiffs are entitled to any of the relief requested.

## VII. DEFENSES

1. The Defendant denies that the Plaintiffs are entitled to receive any portion of the relief requested in the Complaint filed in the above styled cause.

2. The Defendant asserts that the Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

3. The Defendant asserts that the Plaintiffs have failed to exhaust all applicable administrative remedies and are therefore barred from bringing this action.

4. The Defendant asserts that he is absolutely immune, pursuant to the Eleventh Amendment to the United States Constitution, from suit for monetary damages and injunctive relief.

5. The Defendant asserts that he is subject to qualified immunity from suit for monetary damages and injunctive relief.

6. The Defendant asserts that there is no causal connection between any facts alleged in the Complaint and any cognizable injury alleged.

7. The Defendant asserts that any claims alleged by Plaintiff Travis S. Parks are now moot and due to be dismissed.

8. The Defendant asserts that any claims alleged by Plaintiff Russell D. Senn are now moot and due to be dismissed.

9. The Plaintiffs' claim are not ripe.

10. The Defendant did not violate the terms of any clearly-established statutory or Constitutional right of the Plaintiffs.

11. The Defendant is not a "person" for purposes of an action under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

Respectfully submitted this the 4th day of November, 2016.

LUTHER STRANGE
Attorney General

/s/ Thomas B. Klinner
Thomas B. Klinner (KLI003)
Assistant Attorney General and
General Counsel for ADMH

/s/ Edward C. Hixon
Edward C. Hixon (HIX003)
Assistant Attorney General

/s/ Ashley L. Nichols
Ashley L. Nichols (NIC040)
Assistant Attorney General

/s/ Nancy S. Jones
Nancy S. Jones (JON032)
Assistant Attorney General

Alabama Department of Mental Health
Legal Division
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.klinner@mh.alabama.gov
Eddie.Hixon@mh.alabama.gov
Ashley.nichols@mh.alabama.gov
Nancy.jones@mh.alabama.gov
Telephone: (334)242-3038
Facsimile: (334)242-0924

**CERTIFICATE OF SERVICE**

I the undersigned do hereby certify that I have caused a copy of the foregoing to be served on the below named individuals by filing with the Clerk of the Court using the AlaFile system which will send notification to same, this the 4th day of November, 2016.

M. Geron Gadd, Esq.
Alabama Disabilities Advocacy Program
400 South Union Street, Suite 280
Montgomery, AL 36104

Henry F. Sherrod, III, Esq.
Henry F. Sherrod, III, P.C.
119 South Court Street
P.O. Box 606
Florence, Alabama 35631-0606

J. Patrick Hackney, Esq.
William Van Der Pol, Jr., Esq.
Alabama Disabilities Advocacy Program
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395

Randall C. Marshall, Esq.
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, Alabama 36109-0179

/s/ Thomas B. Klinner
OF COUNSEL