**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DEMONTRAY HUNTER, et al.,** | **§** | |
| | **§** | |
| **Plaintiffs,** | **§** | |
| | **§** | |
| **vs.** | **§** | **CIVIL ACTION No.** |
| | **§** | **2:16-cv-00798-MHT-CSC** |
| **JAMES PERDUE, in his official** | **§** | |
| **capacity as COMMISSIONER** | **§** | |
| **OF THE ALABAMA** | **§** | |
| **DEPARTMENT OF MENTAL** | **§** | |
| **HEALTH,** | **§** | |
| | **§** | |
| **Defendant.** | **§** | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant James Perdue, in his official capacity as Commissioner of the Alabama Department of Mental Health (hereinafter "Defendant") and answers the Plaintiffs' First Amended Complaint ("Complaint") as follows:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant answers each paragraph of the Plaintiffs' Complaint, as follows:

## I. NATURE OF THE ACTION

1. The Defendant admits that the Plaintiff named in this paragraph are bringing claims against the Defendant. The Defendant denies any remaining allegations not specifically admitted herein and demands strict proof thereof.

2. The Defendant admits that the Alabama Department of Mental Health provides competency restoration services to individuals charged with crimes pursuant to state law. The Defendant further admits that Taylor Hardin Security Medical Facility ("Taylor Hardin") and Bryce Hospital ("Bryce") have limited capacity as do all hospitals. The Defendant denies any remaining allegations not specifically admitted herein and demands strict proof thereof.

3. Denied.

4. Denied.

## II. JURISDICTION AND VENUE

5. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

6. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

7. The Defendant admits that venue is proper in this Court.

## III. PARTIES

### A. Individual Plaintiffs

8. Admitted.

9. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

10. Admitted.

11. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

12. Admitted.

13. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

14. Admitted.

15. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

16. Admitted.

17. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

18. Admitted.

19. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

20. Admitted.

21. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

22. Admitted.

23. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

**B. Associational Plaintiff**

24. - 29. The Defendant denies the allegations contained in these paragraphs and demands strict proof thereof.

**C. Defendant Perdue**

30. Admitted.

31. The Defendant admits that ADMH's responsibility includes competency restoration treatment by qualified clinicians upon commitment by Alabama state courts to the ADMH. The Defendant denies any remaining

allegations.

32. The Defendant admits that Alabama law vests the ADMH Commissioner with the power to direct and control the ADMH. The Defendant denies any remaining allegations.

33. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

34. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

35. The Defendant admits that the Department of Mental Health receives state funds. The Defendant denies that the Department of Mental Health receives federal funds for competency restoration treatment. The Defendant denies any remaining allegations.

## IV. CLASS ALLEGATIONS

36. - 55. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

## V. FACTUAL ALLEGATIONS

56. The Defendant admits that Rule 11 of the Alabama Rules of Criminal Procedure relates to the commitment of criminal defendants to ADMH custody for competency evaluations. The Defendant denies any remaining allegations.

57. The Defendant admits that Rule 11.3(b) authorizes a court to order the

examination of a criminal defendant in a state institution and to commit the criminal defendant to the ADMH "for a reasonable period of time necessary to conduct the examination" if certain conditions are met. The Defendant denies any remaining allegations.

58. The Defendant admits that Rule 11.6 contains the quoted language, but the Defendant denies the Plaintiffs' characterization of the Rule and states that the rule speaks for itself.

59. The Defendant admits that Rule 11.6 contains the quoted language, but the Defendant denies the Plaintiffs' characterization of the Rule and states that the rule speaks for itself.

60. Denied as stated.

61. Denied as stated.

62. The Defendant denies Plaintiffs' characterization of the requirements of Rule 11.6 of the Alabama Rules of Criminal Procedure and states that Rule 11.6 speaks for itself. For this reason, the Defendant denies the averments in this paragraph.

63. Denied as stated.

64. Denied.

65. The Defendant admits that this language is contained in Jackson v. Indiana. The Defendant denies that he has violated the Plaintiffs' rights under the

Due Process Clause of the Fourteenth Amendment.

66. Denied.

67. The Defendant admits that the statement attributed to him in quotation marks appeared in an al.com article but denies that the statement was specifically referring to competency restoration services made the subject matter of this lawsuit. The quote is mischaracterized and misleading as used by the Plaintiffs in this paragraph of the Complaint. The Defendant denies that the statement was an admission of liability for any claims raised by the Plaintiffs in this lawsuit. The Defendant denies any remaining averments in this paragraph.

68. Denied.

69. Admitted.

70. Admitted.

71. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

72. Admitted.

73. The Defendant admits that Taylor Hardin maintains a waiting list for admission. The Defendant denies all remaining averments and implications in this paragraph.

74. The Defendant admits that Taylor Hardin maintains a waiting list for

admission. The Defendant denies the remaining allegations and averments in this paragraph.

75. The Defendant denies the allegations in this paragraph because the individuals on the waiting list referenced change over time. Consequently, the Defendant cannot appropriately characterize the psychiatric and criminal histories of the individuals on the list without a date certain. For these reasons, the Defendant denies the allegations in this paragraph.

76. Denied.

77. Denied.

78. Denied.

79. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

80. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

81. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

82. The Defendant admits that federal courts outside of the Eleventh

Circuit in the cases cited by the Plaintiffs have made such findings. The Defendant denies that any such holdings have been made by the Eleventh Circuit or any United States District Courts within the Eleventh Circuit to the best of his knowledge and belief. The Defendant denies any remaining averments in this paragraph.

83. Denied as stated.

84. The Defendant admits that the webpage contains an article with the quoted language attributed to the Tuscaloosa County sheriff. The Defendant denies the remaining averments of this paragraph.

85. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

86. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

87. The Defendant admits that Taylor Hardin provides Competency Services. The Defendant denies the remaining averments in this paragraph.

88. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

89. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

90. The Defendant denies the allegations contained in this paragraph and

demands strict proof thereof.

91. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

92. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

93. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

94. The Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

**i. Plaintiff Demontray Hunter**

95. - 102. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the allegations in these paragraphs.

**ii. Plaintiff Russell Senn**

103. - 109. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies the allegations in these paragraphs.

**iii. Plaintiff Travis Parks**

110. - 116. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in these paragraphs and

therefore denies the allegations in these paragraphs.

**iv. Plaintiff Vandarius S. Darnell**

111. - 122. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations in this paragraph.

**v. Plaintiff Frank White, Jr.**

123. - 129. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations in this paragraph.

**vi. Plaintiff Marcus Jackson**

130. - 137. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations in this paragraph.

**vii. Plaintiff Timothy Mount**

138. - 143. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations in this paragraph.

**viii. Plaintiff Henry McGhee**

139. - 152. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and

therefore denies the allegations in this paragraph.

## VI. LEGAL CLAIM

**COUNT I**
**Violation of the Fourteenth Amendment of the United States Constitution**
**42 U.S.C. § 1983**

153. The Defendant re-alleges and incorporates by reference his responses to paragraphs 1 through 152 of the Plaintiffs' First Amended Complaint.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

163. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

164. The Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies those allegations.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

The Defendant denies that the Plaintiffs are entitled to any of the relief requested in the Complaint.

Except as expressly admitted above, the Defendant denies all material allegations in the First Amended Complaint and demands strict proof thereof.

## THIRD AFFIRMATIVE DEFENSE

The Defendant denies that the Plaintiffs are entitled to receive any portion of the relief requested in the Complaint filed in the above styled cause.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiffs have failed to exhaust all applicable administrative remedies and are, therefore, barred from bringing this action.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant asserts that, pursuant to the Eleventh Amendment to the United States Constitution, he is absolutely immune from suit for monetary damages and injunctive relief.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendant asserts that he is subject to qualified immunity from suit for monetary damages and injunctive relief.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that there is no causal connection between any facts alleged in the Complaint and any cognizable injury alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant asserts that claims by some of the Plaintiffs are moot and are now due to be dismissed.

**NINTH AFFIRMATIVE DEFENSE**

The Defendant asserts that any claims alleged by Plaintiff Travis S. Parks are now moot and due to be dismissed.

**TENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that any claims alleged by Plaintiff Russell D. Senn are now moot and due to be dismissed.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are not ripe.

**TWELFTH AFFIRMATIVE DEFENSE**

The Defendant did not violate the terms of any clearly-established statutory or Constitutional right of the Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Defendant is not a "person" for purposes of an action under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Associational Plaintiff lacks standing to bring its purported claims for relief.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that it is not responsible for the wrongs alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that the putative class lacks numerosity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that a class action is not appropriate here because it is not impracticable to join all of the potential plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that the putative class lacks typicality.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that the putative class is not readily ascertainable.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Defendant asserts that a determination as to whether each member of the putative class suffered any harm or damage for which relief may be properly granted is individualized to each putative class member and precludes class certification.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Defendant denies that the Plaintiffs have met the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Respectfully submitted this the 10th day of January, 2017.

LUTHER STRANGE
Attorney General

/s/ Thomas B. Klinner
Thomas B. Klinner (KLI003)
Assistant Attorney General and
General Counsel for ADMH

/s/ Edward C. Hixon
Edward C. Hixon (HIX003)
Assistant Attorney General

/s/ Ashley L. Nichols
Ashley L. Nichols (NIC040)
Assistant Attorney General

/s/ Nancy S. Jones
Nancy S. Jones (JON032)
Assistant Attorney General

Alabama Department of Mental Health
Legal Division
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.klinner@mh.alabama.gov
eddie.hixon@mh.alabama.gov
Telephone: (334)242-3038
Facsimile: (334)242-0924

## CERTIFICATE OF SERVICE

I the undersigned do hereby certify that I have caused a copy of the foregoing to be served on the below named individual(s) by filing with the Clerk of the Court using the CM/ECF system which will send notification to same, this the 10th day of January, 2017:

M. Geron Gadd, Esq.
Alabama Disabilities Advocacy Program
400 South Union Street, Suite 280
Montgomery, AL 36104

J. Patrick Hackney, Esq.
William Van Der Pol, Jr., Esq.
Alabama Disabilities Advocacy Program
500 Martha Parham West
Box 870395
Tuscaloosa, Alabama 35487-0395

Henry F. Sherrod, III, Esq.
Henry F. Sherrod, III, P.C.
119 South Court Street
P.O. Box 606
Florence, Alabama 35631-0606

Randall C. Marshall, Esq.
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, Alabama 36109-0179

/s/ Thomas B. Klinner
OF COUNSEL

4832-3934-8544.5