UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>    Plaintiffs,<br><br>v.<br><br>LYNN T. BESHEAR, in her official capacity as Commissioner of the Alabama Department of Mental Health,<br><br>    Defendant. | CASE NO. 2:16-cv-00798-MHT-CSC<br><br>CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

**JOINT STATEMENT ON CONTENT OF STATUS REPORT**

The named Plaintiffs as class representatives, the Alabama Disabilities Advocacy Program, and Lynn T. Beshear, Commissioner of the Alabama Department of Mental Health, jointly submit this statement outlining the content of the joint status report that the Parties will submit for the Court's consideration on April 1, 2019. *See* Order Directing Filing of Statement on Content of Status Report and Status Report, ECF No. 120.

The Parties' forthcoming joint status report will address the following issues:

1. A detailed explanation of the reasons for the ADMH Commissioner's failure to achieve compliance with the timelines specified in the Consent Decree for the provision of (a) outpatient evaluations; (b) inpatient evaluations; and (c) admissions into Taylor Hardin for competency restoration treatment, including the following:

    a. A detailed, concrete explanation of each of the barriers to compliance with the timelines for (i) outpatient mental evaluations, (ii) inpatient mental evaluations, and (iii) the provision of competency restoration treatment;

    b. A detailed, concrete explanation of why each of the identified barriers yielded the degree of noncompliance that currently exists (i.e., why the identified barriers individually and together resulted in a rate of noncompliance that is nearly double the Year 1 benchmark);

    c. Why the reported failure of class members' criminal defense attorneys to provide the ADMH Commissioner with information regarding class members' prior mental health treatment explains and/or excuses the ADMH Commissioner's noncompliance with the timelines for the provision of outpatient mental evaluations and/or inpatient mental evaluations.

    d. Why the operation of sixteen community forensic beds will ensure that the ADMH Commissioner is able to achieve compliance with the Year 1 benchmark timelines for the provision of inpatient mental evaluations and competency restoration treatment.

2. What specific actions the ADMH Commissioner will take to achieve compliance with the Year 1 benchmark timelines specified in the Consent Decree for the provision of (a)

   outpatient evaluations; (b) inpatient evaluations; and (c) admissions into Taylor Hardin for competency restoration treatment within 90 days.

3. What evidence confirms that the actions outlined in response to Questions 2(a), 2(b), and 2(c) are adequate to remedy the ADMH Commissioner's current noncompliance with the Year 1 benchmark timelines for the provision of court-ordered psychiatric services set forth in the Consent Decree.

4. If the ADMH Commissioner agrees to engage a compliance consultant to assist her in preparing and implementing a remedial plan to comply with the Year 1 benchmark timelines in the Consent Decree for the provision of outpatient mental evaluations, inpatient mental evaluations, and competency restoration treatment, the names of three consultants proposed by the ADMH Commissioner to serve as a compliance consultant.

5. If the ADMH Commissioner agrees to engage a compliance consultant to assist her in preparing and implementing a remedial plan, the scope of the compliance consultant's engagement, e.g., the specific tasks and deliverables that will be included in the consultant's engagement and the expected timeline for development of the remedial plan.

6. If the ADMH Commissioner contends that the ADMH Commissioner can devise and implement a remedial plan that will remedy the ADMH Commissioner's current noncompliance without engaging a compliance consultant, the ADMH Commissioner should provide a detailed description of the following:

  a. The specific actions that the ADMH Commissioner will take to ensure the completion of outpatient mental evaluations within 54 days of the ADMH Commissioner's receipt of a court order for same, within the date-of-receipt order specified in Section VI.1.D of the Consent Decree;

b. The specific actions that the ADMH Commissioner will take to ensure the completion of inpatient mental evaluations within 54 days of the ADMH Commissioner's receipt of a court order for same, within the date-of-receipt order specified in Section VI.1.D of the Consent Decree;

c. The specific actions that the ADMH Commissioner will take to ensure the admission of persons found incompetent to stand trial into Taylor Hardin or Bryce Hospital for competency restoration treatment within 54 days of the ADMH Commissioner's receipt of a court order for same, within the date-of-receipt order specified in Section VI.1.D of the Consent Decree;

d. Whether ADMH's existing staff has the expertise and availability to devise and undertake the actions specified in Question 6.a, 6.b, and 6.c given the other demands on their time associated with operating the agency;

e. How the ADMH Commissioner will shift internal capacity in order to ensure that the staff who have been unable to undertake the steps to necessary achieve compliance with the Year 1 benchmark timelines in the Consent Decree have the capacity to implement the remedial actions outlined in response to Questions 6.a, 6.b, and 6.c above.

f. If the ADMH Commissioner contends that the hiring of a facilities director who will be involved in supervising the ADMH's efforts to achieve compliance with the Consent Decree obviates the need for the engagement of a compliance consultant, what specific authority and duties will the facilities director have in connection with satisfying the Year 1 benchmark timelines.

  g.  The specific timelines for the implementation of a remedial plan to achieve compliance with the Year 1 benchmarks for the provision of outpatient mental evaluations, inpatient mental evaluations, and competency restoration treatment.

WHEREFORE the Parties respectfully submit that their joint status report on April 1, 2019 will contain the material set forth above.

Dated: February 14, 2019    Respectfully submitted,

    /s/ M. Geron Gadd
    M. Geron Gadd (ASB-0601-J98S)
    ALABAMA DISABILITIES ADVOCACY PROGRAM
    400 South Union Street, Suite 280
    Montgomery, AL 36104
    Telephone: (334) 240-0994
    Facsimile: (334) 240-0996
    Email: mggadd@adap.ua.edu

    William Van Der Pol, Jr. (ASB-2112-114F)
    Lonnie J. Williams (ASB-2866-I35W)
    Shandra N. Monterastelli (ASB-1016-N00Q)
    ALABAMA DISABILITIES ADVOCACY PROGRAM
    500 Martha Parham West
    Box 870395
    Tuscaloosa, AL 35487-0395
    Telephone: (205) 348-4928
    Facsimile: (205) 348-3909
    Email: wvanderpoljr@adap.ua.edu
       lwilliams@adap.ua.edu
       smonterastelli@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

    Henry F. (Hank) Sherrod III (ASB-1200-D63H)
    HENRY F. SHERROD III, P.C.
    119 South Court Street
    Florence, AL 35630
    Telephone: (256) 764-4141
    Facsimile: (877) 864-0802
    Email: hank@alcivilrights.com

Randall C. Marshall (ASB-3023-A56M)
ACLU OF ALABAMA FOUNDATION
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone:  (334) 420-1741
Facsimile:   (334) 269-5666
rmarshall@aclualabama.org

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*

/s/ Thomas B. Klinner
Thomas B. Klinner
Edward C. Hixon
Ashley L. Nichols
Nancy S. Jones
ALABAMA DEPARTMENT OF MENTAL HEALTH
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.Klinner@mh.alabama.gov
Eddie.Hixon@mh.alabama.gov
Ashley.Nichols@mh.alabama.gov
Nancy.Jones@mh.alabma.gov

*Attorneys for Defendant Lynn T. Beshear*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court via the CM/ECF system this 14th day of February, 2019.

| | |
|---|---|
| M. Geron Gadd<br>Alabama Disabilities Advocacy Program<br>400 South Union Street, Suite 280<br>Montgomery, Alabama 36104<br>mggadd@adap.ua.edu<br><br>William Van Der Pol, Jr.<br>Lonnie Williams<br>Shandra N. Monterastelli<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>wvanderpoljr@adap.ua.edu<br>lwilliams@adap.ua.edu<br>smonterastelli@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabma.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |
| Randall C. Marshall<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>rmarshall@aclualabama.org | |

/s/ M. Geron Gadd_____
M. Geron Gadd (ASB-0602-J98S)
Counsel for Plaintiffs