UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>          Plaintiffs,<br><br>v.<br><br>LYNN T. BESHEAR, in her official capacity as Commissioner of the Alabama Department of Mental Health,<br><br>          Defendant. | CASE NO. 2:16-cv-00798-MHT CSC<br><br>CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

**PROPOSED ORDER ON STATUS OF NONCOMPLIANCE**

The named Plaintiffs as class representatives, the Alabama Disabilities Advocacy Program, and Lynn T. Beshear, Commissioner of the Alabama Department of Mental Health (hereinafter "ADMH"), jointly submit this proposed order directing the Parties to undertake the actions outlined below to address noncompliance with the Consent Decree.

1

I.  **SCHEDULE FOR PREPARATION AND IMPLEMENTATION OF REMEDIAL PLAN**

During the April 3, 2019 status conference in this action, the Parties endorsed the following schedule for the engagement of a compliance consultant by ADMH to identify barriers to ADMH's compliance with the Consent Decree, the consultant's development of a remedial plan to bring ADMH into compliance with the Consent Decree, and ADMH's implementation of the remedial plan.[1]

| Deadline | Activity |
|---|---|
| May 2, 2019 | ADMH engages compliance consultant selected after consultation with Plaintiffs |
| June 17, 2019 | Compliance consultant submits report outlining barriers to compliance with the Consent Decree's timelines for service provision, which is shared with Plaintiffs within 1 business days |
| July 1, 2019 | Compliance consultant submits remedial plan to address compliance barriers outlined in consultant's initial report, which is shared with Plaintiffs on the same day |
| July 3, 2019 | Parties meet and confer regarding the consultant's remedial plan |
| July 24, 2019 | ADMH provides Plaintiffs amended remedial plan, if necessary |
| August 1, 2019 | Amendments to remedial plan, if any, are complete and ADMH implementation of remedial plan begins |
| August 2, 2019 | ADMH provides Plaintiffs final version of remedial plan |
| September 1, 2019 | Implementation of remedial plan complete |
| September 16 2019 | ADMH provides Plaintiffs a Status Report on Compliance following implementation of remedial plan |
| October 1, 2019 | Parties meet and confer regarding status of compliance |
| October 15, 2019 | The Parties file Joint Status Report regarding compliance with the Consent Decree |

II.  **SELECTION AND ENGAGEMENT OF COMPLIANCE CONSULTANT**

In order to finalize the engagement by ADMH of the compliance consultant by May 2, 2019, the Parties shall confer regarding the selection of the consultant and identify the

---

[1] Six of the dates set forth in this schedule differ from the scheduled proposed in the Parties' Joint Status Report on Noncompliance, ECF No. 122.  These dates have been modified to ensure dates that fall on business days and to reflect incremental deadlines for the exchange of information and discussions of the Parties.

individual whom ADMH will engage by April 12, 2019.  Plaintiffs shall have an opportunity to propose potential consultants and express demonstrable concerns regarding consultants proposed by ADMH.   In the event that Plaintiffs have a strong objection to the consultant proposed by ADMH, and that objection cannot be resolved following a meet and confer between the Parties, Plaintiffs shall file a Notice of Objection to the Proposed Expert outlining their objections to same and request a status conference with the Court to address same.

In the event that the Parties reach an agreement concerning the identity of the consultant, following the selection of the consultant to be engaged, ADMH shall handle logistical matters associated with the engagement of the compliance consultant.  Counsel for ADMH shall provide written confirmation of the engagement of the consultant to Plaintiffs' counsel once the consultant's engagement has been finalized.  ADMH shall file a Notice of Engagement of Consultant with the Court identifying same upon finalizing his or her engagement.

## III. REPORT ON BARRIERS TO COMPLIANCE AND REMEDIAL PLAN

A.    **Report on Barriers to Compliance**.  The compliance consultant shall confer with relevant ADMH personnel regarding the current processes through which ADMH delivers outpatient mental evaluations, inpatient mental evaluations, and competency restoration treatment to class members, review operational records and data reflecting these processes, the Monitoring Reports for the April 25, 2018 – July 31, 2018, August 1, 2018 – October 31, 2018, and November 1, 2019 – January 25, 2019 Monitoring Periods, and all other relevant material prior to the preparation of his or her report outlining all current barriers to compliance with the Consent Decree.  The compliance consultant shall deliver his or her report on the barriers to compliance to ADMH no later than June 17, 2019.  The compliance consultant's initial report shall include a description of the personnel with whom the consultant conferred and the materials reviewed prior

to preparing the report on the barriers to compliance. ADMH shall file a Notice of Receipt of Report on Compliance Barriers to the Court upon receiving the compliance consultant's report.

ADMH shall provide Plaintiffs a copy of the compliance consultant's report on compliance barriers within one (1) business days of its receipt of same. If Plaintiffs' dispute the adequacy of the consultant's report or otherwise have specific concerns regarding the content of the consultant's report, Plaintiffs shall advise ADMH of their objections in writing within three (3) business days of receiving a copy of the report, and the Parties shall meet and confer within two (2) business days regarding Plaintiffs' objections to the consultant's report. If Plaintiffs express specific objections to the consultant's report and those objections cannot be resolved by the Parties during their meeting to address Plaintiffs' objections, Plaintiffs shall file a Notice of Objection to Content of Consultant's Report with the Court advising the Court of the nature of their objections and whether they believe that the matter needs to be referred for dispute resolution under the terms of the Consent Decree. If Defendant disputes certain aspects of consultant's plan then she will also have the opportunity to object to these aspects with the Court. Defendant will continue her efforts to remediate non-compliance even after consultant is engaged. All parties will have the opportunity at any time to meet and confer and offer input into consultant's remediation plan, including impossibility, illegality or concepts outside the scope of the Consent Decree.

B.   **Remedial Plan**. On or before June 30, 2019, the compliance consultant, working with relevant ADMH personnel, shall prepare a detailed remedial plan outlining all actions and capacity development necessary for ADMH to come into compliance with the Consent Decree, and a timeline for the implementation of the remedial plan. ADMH shall provide a copy of the remedial plan to Plaintiffs within twenty-four (24) hours of its receipt of same, and in no event

later than July 1, 2019.  ADMH shall file a Notice of Receipt of Remedial Plan with the Court upon receiving the remedial plan from the compliance consultant.

On or before July 3, 2019, the Parties shall meet and confer regarding the content of the consultant's remedial plan.  ADMH shall provide Plaintiffs amendments to the remedial plan, if any, by July 24, 2019.  Plaintiffs shall advise ADMH of any objections to the amended remedial plan within three (3) business days of their receipt of same.  The Parties shall meet and confer regarding Plaintiffs objections to the amended remedial plan, if any, within two (2) business days of Plaintiffs' notice of any objections to the amended remedial plan.  If Plaintiffs express specific objections to the remedial plan and those objections cannot be resolved by the Parties during their meeting to address Plaintiffs' objections, Plaintiffs shall file a Notice of Objection to Content of Remedial Plan with the Court advising the Court of the nature of their objections and whether they believe that the matter needs to be referred for dispute resolution under the terms of the Consent Decree.

C. **Implementation of Remedial Plan**.  On or before August 1, 2019, ADMH shall finalize its remedial plan to come into compliance with the Consent Decree and shall begin implementation of same.  ADMH shall provide Plaintiffs a copy of its final remedial plan by August 2, 2019.  ADMH shall complete implementation of the remedial plan on or before September 1, 2019.  On September 16, 2019 ADMH shall provide Plaintiffs a Status Report on Compliance following its implementation of the remedial plan.  On or before October 1, 2019, the Parties shall meet and confer regarding the status of compliance with the Consent Decree following ADMH's implementation of the remedial plan.

IV.     **MONITORING OF THE PARTIES' REMEDIAL EFFORTS BY THE COURT**

The Court will monitor the status of the Parties' efforts to address noncompliance with the Consent Decree through the procedural notices indicate in Sections II and III above, which allow the Court to monitor whether any disputes that may arise are sufficiently disruptive to the process outlined in those sections to warrant the Court's intervention.  The Parties shall file a Joint Status Report on Compliance with the Consent Decree on or before October 15, 2019.

Dated: April 4, 2019                              Respectfully submitted,

/s/ M. Geron Gadd
M. Geron Gadd (ASB-0601-J98S)
ALABAMA DISABILITIES ADVOCACY PROGRAM
400 South Union Street, Suite 280
Montgomery, AL 36104
Telephone:  (334) 240-0994
Facsimile:  (334) 240-0996
Email:  mggadd@adap.ua.edu

William Van Der Pol, Jr. (ASB-2112-114F)
Lonnie J. Williams (ASB-2866-I35W)
Shandra N. Monterastelli (ASB-1016-N00Q)
ALABAMA DISABILITIES ADVOCACY PROGRAM
500 Martha Parham West
Box 870395
Tuscaloosa, AL 35487-0395
Telephone:  (205) 348-4928
Facsimile:  (205) 348-3909
Email:  wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu smonterastelli@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr.,  Marcus Jackson, Timothy D. Mount, and Henry P. McGhee  and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H) HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone:  (256) 764-4141

6

Facsimile: (877) 864-0802
Email: hank@alcivilrights.com
Randall C. Marshall (ASB-3023-A56M)
ACLU OF ALABAMA FOUNDATION
P.O. Box 6179
Montgomery, AL 36106
Telephone: (334) 420-1741
Facsimile: (334) 269-5666
rmarshall@aclualabama.org

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*

/s/ Thomas B. Klinner
Thomas B. Klinner (ASB-9911-L67T)
Edward C. Hixon (ASB-5964-H65E)
Ashley L. Nichols (ASB-8291-E36N)
Nancy S. Jones (ASB-4740-S66N)
ALABAMA DEPARTMENT OF MENTAL HEALTH
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.Klinner@mh.alabama.gov
Eddie.Hixon@mh.alabama.gov
Ashley.Nichols@mh.alabama.gov
Nancy.Jones@bryce.mh.alabma.gov

*Attorneys for Defendant Lynn T. Beshear*

**CERTIFICATE OF SERVICE**

   I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court via the CM/ECF system this 4th day of April, 2019.

| | |
|---|---|
| M. Geron Gadd<br>Alabama Disabilities Advocacy Program<br>400 South Union Street, Suite 280<br>Montgomery, Alabama 36104<br>mggadd@adap.ua.edu<br><br>William Van Der Pol, Jr.<br>Lonnie Williams<br>Shandra N. Monterastelli<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>wvanderpoljr@adap.ua.edu<br>lwilliams@adap.ua.edu<br>smonterastelli@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@bryce.mh.alabma.gov |
| Henry F. (Hank) Sherrod III  Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |
| Randall C. Marshall<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>rmarshall@aclualabama.org | |

            /s/ M. Geron Gadd_____
            M. Geron Gadd (ASB-0602-J98S)
            Counsel for Plaintiffs