IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DEMONTRAY HUNTER, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:16cv798-MHT |
| | ) | (WO) |
| LYNN T. BESHEAR, in her | ) | |
| official capacity as the | ) | |
| Commissioner of the | ) | |
| Alabama Department of | ) | |
| Mental Health, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER ON JOINT REMEDIAL PLAN FOR NONCOMPLIANCE
WITH CONSENT DECREE**

The claim presented in this litigation is that the Alabama Department of Mental Health (ADMH) fails to provide timely competency mental-health evaluations and restoration treatments to pretrial detainees. The claim rests on the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983. The plaintiffs are the Alabama Disabilities Advocacy Program (ADAP), Alabama's protection and advocacy

organization for people with mental illness and disabilities, and a previously certified class of (a) pretrial detainees who may be incompetent and have been committed to ADMH for an inpatient mental evaluation and (b) pretrial detainees who have been found incompetent to stand trial and committed to the custody of the ADMH for competency restoration.  *See* Final Settlement Approval and Order (doc. no. 93 at 93-94) (certifying class).  The defendant is the Commissioner of the ADMH, sued in her official capacity only.  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).  The parties reached a settlement agreement, and the court entered the agreement as a consent decree.  *See* Final Settlement Approval and Order (doc. no. 93).  Defendant has had difficulty complying with the consent decree.  *See* Joint Status Report (doc. no. 122).

This matter is now before the court on the proposed remedial plan (doc. no. 124) submitted by the parties to resolve the noncompliance issue.  The court has

reviewed and now approves the provisions of the proposed order, with minor revisions.

***

Accordingly, it is ORDERED that the parties' proposed order (doc. no. 124) is adopted as an order of the court, as set forth below.

## I. SCHEDULE FOR PREPARATION AND IMPLEMENTATION OF REMEDIAL PLAN

| Deadline | Activity |
|---|---|
| May 2, 2019 | ADMH engages compliance consultant selected after consultation with plaintiffs |
| June 17, 2019 | Compliance consultant submits report to defendant outlining barriers to compliance with the consent decree's timelines for service provision, which is shared with plaintiffs within one business day |

| July 1, 2019 | Compliance consultant submits to defendant a remedial plan to address compliance barriers outlined in consultant's initial report, which is shared with plaintiffs on the same day |
|---|---|
| July 3, 2019 | Parties meet and confer regarding the consultant's remedial plan |
| July 24, 2019 | ADMH provides plaintiffs with amended remedial plan, if necessary |
| August 1, 2019 | Amendments to remedial plan, if any, are complete, and ADMH implementation of remedial plan begins |
| August 2, 2019 | ADMH provides plaintiffs final version of remedial plan |
| September 1, 2019 | Implementation of remedial plan is complete, and the plan is filed with the court |

| September 16, 2019 | ADMH provides plaintiffs with a written status report on compliance following implementation of remedial plan |
| --- | --- |
| October 1, 2019 | Parties meet and confer regarding status of compliance, if necessary |
| October 15, 2019 | Parties file joint status report regarding compliance with the consent decree |

**II. SELECTION AND ENGAGEMENT OF COMPLIANCE CONSULTANT**

**1. In order to finalize the engagement by ADMH of the compliance consultant by May 2, 2019, the parties shall confer regarding the selection of the consultant and identify the individual whom ADMH will engage by April 12, 2019. Plaintiffs shall have an opportunity to propose potential consultants and express demonstrable concerns regarding consultants proposed by ADMH. In the event that plaintiffs have a strong objection to the consultant proposed by ADMH, and that objection**

5

cannot be resolved following a meet and confer between the parties, plaintiffs shall file a notice of objection to the proposed consultant, outlining their objections to same, and request a status conference with the court to address same.

2. In the event that the parties reach an agreement concerning the identity of the consultant, ADMH shall handle logistical matters associated with the engagement of the agreed-upon compliance consultant. Counsel for ADMH shall provide written confirmation of the engagement of the consultant to plaintiffs' counsel once the consultant's engagement has been finalized. Upon finalizing his or her engagement, ADMH shall file a Notice of Engagement of Consultant with the court, identifying the consultant.

## III. REPORT ON BARRIERS TO COMPLIANCE AND REMEDIAL PLAN

1. Report on Barriers to Compliance

   i.   The compliance consultant shall confer with relevant ADMH personnel regarding the current processes through which ADMH delivers outpatient mental evaluations, inpatient mental evaluations, and competency restoration treatment to class members; and review operational records and data reflecting these processes, the monitoring reports for the April 25, 2018 through July 31, 2018, August 1, 2018 through October 31, 2018, and November 1, 2019 through January 25, 2019 monitoring periods, and all other relevant material prior to the preparation of his or her report outlining all current barriers to compliance with the consent decree.

   ii.   The compliance consultant shall deliver his or her report on the barriers to compliance to ADMH no later than June 17, 2019. The compliance consultant's initial report shall include a description of the personnel with whom the consultant conferred and the materials reviewed prior to preparing the report on the barriers to compliance.

  iii.    ADMH shall file with the court a Notice of Receipt of Report on Compliance Barriers upon receiving the compliance consultant's report.

  iv.    ADMH shall provide plaintiffs a copy of the compliance consultant's report on compliance barriers within one business day of its receipt of same.

  v.    If plaintiffs dispute the adequacy of the consultant's report or otherwise have specific concerns regarding the content of the consultant's report, plaintiffs shall advise ADMH of their objections in writing within three business days of receiving a copy of the report, and the parties shall meet and confer within two business days of ADMH's receipt of notice regarding plaintiffs' objections to the consultant's report.  If plaintiffs express specific objections to the consultant's report and those objections cannot be resolved by the parties during their meeting to address plaintiffs' objections, plaintiffs shall file a Notice of Objection to Content of Consultant's Report with the court, advising the court of the nature of their

8

objections and whether they believe that the matter needs to be referred for dispute resolution under the terms of the consent decree.

vi.   If defendant disputes certain aspects of the consultant's plan, she will also have the opportunity to object to these aspects with the court, using the same process as set forth in the preceding paragraph for plaintiffs.

vii.   Defendant will continue her efforts to remediate non-compliance even after the consultant is engaged.

viii.   All parties will have the opportunity at any time to meet and confer and offer input into the consultant's remediation plan, including impossibility, illegality, or concepts outside the scope of the consent decree.

2.   Remedial Plan.

i.   On or before June 30, 2019, the compliance consultant, working with relevant ADMH personnel, shall prepare a detailed remedial plan outlining all actions and capacity development necessary for ADMH to come into compliance with the consent decree, and a timeline for the implementation of the remedial plan.  ADMH shall provide a copy of the remedial plan to plaintiffs within twenty-four hours of its receipt of same, and in no event later than July 1, 2019.  ADMH shall file a notice of its receipt of the remedial plan with the court upon receiving the remedial plan from the compliance consultant.

ii.   On or before July 3, 2019, the parties shall meet and confer regarding the content of the consultant's remedial plan.  ADMH shall provide plaintiffs with amendments to the remedial plan, if any, by July 24, 2019.  Plaintiffs shall advise ADMH of any objections to the amended remedial plan within three business days of their receipt of same.  The parties shall meet and confer regarding plaintiffs' objections

to the amended remedial plan, if any, within two business days of plaintiffs' notice of any objections to the amended remedial plan.

iii.   If plaintiffs express specific objections to the remedial plan and those objections cannot be resolved by the parties during their meeting to address plaintiffs' objections, plaintiffs shall file a notice of their objection to the content of the remedial plan with the court, advising the court of the nature of their objections and whether they believe that the matter needs to be referred for dispute resolution under the terms of the consent decree.

3.  Implementation of Remedial Plan

i.    On or before August 1, 2019, ADMH shall finalize its remedial plan to come into compliance with the consent decree and shall begin implementation of same.  ADMH shall provide plaintiffs a copy of its final remedial plan by August 2, 2019.

11

  ii.    ADMH shall complete implementation of the remedial plan, and file it with the court, on or before September 1, 2019.

  iii.   On September 16, 2019 ADMH shall provide plaintiffs with a written status report on compliance following its implementation of the remedial plan.

  iv.    On or before October 1, 2019, the parties shall meet and confer regarding the status of compliance with the consent decree following ADMH's implementation of the remedial plan.

### IV.    MONITORING OF THE PARTIES' REMEDIAL EFFORTS BY THE COURT

  i.    The court will monitor the status of the parties' efforts to address noncompliance with the consent decree through the procedural notices indicated above, which allow the court to monitor whether any disputes that may arise are sufficiently disruptive to the process outlined in those sections to warrant the court's intervention.

13

    **ii.**    **The parties shall file a joint status report on compliance with the consent decree on or before October 15, 2019.**

    **DONE, this the 12th day of April, 2019.**

                                   /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**