UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,<br><br>Defendant. | CASE NO. 2:16-cv-00798-MHT-CSC<br><br>CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

**PLAINTIFFS' FILING OF SUPPLEMENTAL DATA REFLECTING COMPLIANCE WITH CONSENT DECREE**

Pursuant to the Court's order of February 23, 2021, the Plaintiffs as class representatives and the Alabama Disabilities Advocacy Program submit this supplemental data to the reports on the status of compliance with the Consent Decree entered in this action on January 25, 2018. *See* Order Directing Status Report, ECF No. 95; Consent Decree, ECF No. 94; Joint Report on Status of Compliance with Consent Decree, ECF No. 168; Supplement to Joint Report on Status of Compliance with Consent Decree, ECF No. 172; Order Directing Filing of Data Referenced in February 22, 2021 Status Conference, ECF No.

174. All of the compliance measures referenced below must adhere to a timeframe of 34 days or less for completion of the relevant service. Thus, where evaluations are ordered, they must be completed within 34 days of Defendant's receipt of the order directing same. The reports on those evaluations must be submitted to the relevant circuit court within another 34 days (for a total of 68 days from the entry of the order to when the report on the evaluation must be submitted). Where a class member is ordered to be admitted to Taylor Hardin, Hillcrest, or Bryce for Competency Restoration Treatment, he or she must be admitted to the facility within 34 days following Defendant's receipt of the order directing same.

## I. Timelines for Outpatient Mental Evaluations

### A. Timelines for Provision of Outpatient Mental Evaluations

As the graph below illustrates, timelines for provision of Outpatient Mental Evaluations have been on a downward trajectory since monitoring began in April 2018. At the time monitoring began, the average wait time for a competency evaluation in a county jail was 294.5 days. By January 2021, the most recent month for which there is any data, Defendant had decreased that number to 81.3 days. Plaintiffs note that that number is actually an increase over recent months, most likely due to Defendant having to work through the backlog of individuals in state prisons needing evaluations, who were not able to be evaluated for most of the COVID-19 pandemic thus far. Defendant has recently been able to begin evaluating individuals in ADOC custody via telehealth.

In September, October, and November 2020, Defendant actually achieved timelines for provision of Outpatient Mental Evaluations that would have been substantially compliant with the terms of the Consent Decree, if not for the continued provision of services outside of the date-of-receipt order specified in the Consent Decree. Although the parties have agreed that out-of-order provision of competency services can be counted toward compliance where Defendant is able to provide a narrative reason why a

class member was skipped, the narrative reasons that Defendant has been providing thus far are generally vague and uninformative, as the Monitor has stated in recent Monitoring Reports submitted in this matter.

**Fig. A: Total Provision of Outpatient Mental Evaluations (Wait Time in Days)**




**B. Timelines for Submission of Outpatient Mental Evaluations**

As the graph below illustrates, timelines for submission of Outpatient Mental Evaluations to relevant courts have fluctuated throughout the entirety of court-ordered monitoring in this matter, and it is unclear why. Although Defendant has begun submitting narrative reasons, such as they are, to explain why class members are skipped in the *provision* of services, there is no explanation as to why some are skipped in the submission of reports on their evaluations, nor is there any explanation of why submission of reports has not been on a downward trajectory the same way that provision of evaluations has been.

Although Defendant has, in many months since monitoring began, achieved timelines for submission of reports on Outpatient Mental Evaluations that would have been substantially compliant with the terms of the Consent Decree, compliance still has not been achieved because of the continued provision of

services outside of the date-of-receipt order specified in the Consent Decree. As described above, although the parties have agreed that out-of-order provision of competency services can be counted toward compliance where Defendant is able to provide a narrative reason why a class member was skipped, the narrative reasons that Defendant has been providing thus far are generally vague and uninformative, as the Monitor has stated in recent Monitoring Reports submitted in this matter.

**Fig. B: Total Submission of Outpatient Mental Evaluations (Wait Time in Days)**




## II. Timelines for Inpatient Mental Evaluations

### A. Timelines for Provision of Inpatient Mental Evaluations

As the charts below illustrate, the timelines for provision of Inpatient Mental Evaluations tend to fluctuate somewhat, but generally remain exceptionally high in the months where they are provided. From April 2018 until August 2019, Defendant only provided data regarding Inpatient Mental Evaluations in the aggregate, so Plaintiffs are unaware of how wait times broke down between each facility (Taylor Hardin Secure Medical Facility, Bryce Hospital, and Hillcrest Hospital) before August 2019. In general, wait times for Inpatient Mental Evaluations at Bryce tend to be considerably lower than wait times for

same at Taylor Hardin and Hillcrest. It is likely that the exceptionally high wait times are primarily due to two factors: The amount of time it takes to be admitted to Taylor Hardin and/or Hillcrest, which is still up to a year in many cases; and the amount of time it takes to stabilize a new patient before his Mental State at the Time of the Offense (MSO) evaluation—which is significantly more complex and involved than an evaluation of Competency to Stand Trial (CST)—can be completed. The charts below include data regarding provision of Inpatient Mental Evaluations across all facilities in the aggregate (averaged out between facilities after August 2019), and provision of Inpatient Mental Evaluations at each individual facility where data for same is available. Notably, Defendant *has* made strides toward completing and submitting reports on Inpatient Mental Evaluations in date-of-receipt order, leading to findings of compliance with regard to both measures in several recent months.

**Fig. C: Total Provision of Inpatient Mental Evaluations (Wait Time in Days)**



**Fig. D: Provision of Inpatient Mental Evaluations at Taylor Hardin (Wait Time in Days)**




**Fig. E: Provision of Inpatient Mental Evaluations at Hillcrest (Wait Time in Days)**



**Fig. F: Provision of Inpatient Mental Evaluations at Bryce (Wait Time in Days)**




**B. Timelines for Submission of Inpatient Mental Evaluations**

The average time periods for the submission of reports on Inpatient Mental Evaluations also continue to fluctuate, but are generally low. While the average time periods for the provision of Inpatient Mental Evaluations still remain, in most months, well out of range of the 34-day standard for Substantial Compliance, timeframes for submission of same from all facilities are trending toward compliance. As is illustrated above, the average wait times for provision of Inpatient Mental Evaluations still remain exceptionally high. However, Defendant has made great strides in completing those evaluations in date-of-receipt order, leading to achieving Substantial Compliance with regard to both provision and submission of Inpatient Mental Evaluations at Bryce Hospital and Hillcrest Hospital during several months of recent monitoring periods.

**Fig. G: Total Submission of Inpatient Mental Evaluations (Wait Time in Days)**




**Fig. H: Submission of Inpatient Mental Evaluations from Taylor Hardin (Wait Time in Days)**



**Fig. H: Submission of Inpatient Mental Evaluations from Hillcrest (Wait Time in Days)**




**Fig. H: Submission of Inpatient Mental Evaluations from Bryce (Wait Time in Days)**




## III. Timelines for Competency Restoration Treatment

As the charts below illustrate, average time periods for the admission of males into Taylor Hardin and Hillcrest for Competency Restoration Treatment (CRT) remain exceptionally high. There has been very limited meaningful progress toward compliance on this measure. In months where males are admitted

to Taylor Hardin or Hillcrest to receive CRT, wait times are generally between 300 and 500 days, with some exceptions. Although Plaintiffs acknowledge that the COVID-19 pandemic has likely exacerbated this issue by slowing admissions to Taylor Hardin and Hillcrest, average wait times for admission to both facilities were still well out of range of compliance even in the months leading up to the beginning of the COVID-19 pandemic. For example, in each month between November 2019 and February 2020, Defendant was still over 100 days away from Substantial Compliance with timeframes for admission to Taylor Hardin. COVID-19 did not seriously begin affecting the United States until roughly March 2020. Thus, while COVID-19 may be part of the problem, it is far from the only problem. Admission of females into Bryce, on the other hand, generally moves much more quickly and is much closer to date-of-receipt order. Thus, there are several recent months where Defendant has achieved compliance with that particular measure.

**Fig. I: Total Admissions to Taylor Hardin for CRT**



**Fig. J: Total Admissions to Hillcrest for CRT**




**Fig. K: Total Admissions to Bryce for CRT**




## IV. Conclusion

While substantial progress has been made toward achieving Substantial Compliance with both completion of and submission of reports on Outpatient Mental Evaluations, Defendant is still well out of reach of compliance with regard to completion of and submission of reports on Inpatient Mental

Evaluations, as well as admissions to facilities for CRT—with the exception of services provided at Bryce Hospital in some months. Some modest progress has been made toward compliance with these measures, but, as the graphs above illustrate, there does not appear to be a pattern or trend indicating progress toward sustained, long-term compliance with the terms of the Consent Decree.

Dated: February 23, 2021

Respectfully submitted,

*/s/Shandra N. Monterastelli*
Shandra N. Monterastelli (ASB-1016-N00Q)
William Van Der Pol, Jr. (ASB-2112-114F)
Larry G. Canada (ASB-3153-N73L)
Lonnie J. Williams (ASB-2866-I35W)
ALABAMA DISABILITIES ADVOCACY PROGRAM
2008 12th Street
Box 870395
Tuscaloosa, AL 35487-0395
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
Email: smonterastelli@adap.ua.edu
wvanderpoljr@adap.ua.edu
lcanada@adap.ua.edu
lwilliams@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone: (256) 764-4141
Facsimile: (877) 864-0802
Email: hank@alcivilrights.com

Tish G. Faulks (ASB-1279-I63J)
ACLU OF ALABAMA FOUNDATION
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone: (334) 265-2754
Facsimile: (334) 269-5666
tgfaulks@aclualabama.org

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court this 23rd day of February, 2021.

| | |
|---|---|
| Shandra N. Monterastelli<br>William Van Der Pol, Jr.<br>Larry G. Canada<br>Lonnie J. Williams<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>smonterastelli@adap.ua.edu<br>wvanderpoljr@adap.ua.edu<br>lcanada@adap.ua.edu<br>lwilliams@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabama.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |
| Tish G. Faulks<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>tgfaulks@aclualabama.org | |

/s/Shandra N. Monterastelli
Shandra N. Monterastelli (ASB-1016-N00Q)
*Counsel for Plaintiffs*