UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,<br><br>Defendant. | CASE NO. 2:16-cv-00798-MHT-CSC<br><br>CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

**<u>JOINT REPORT ON STATUS OF COMPLIANCE WITH CONSENT DECREE</u>**

The named Plaintiffs as class representatives, the Alabama Disabilities Advocacy Program, and Kimberly G. Boswell, Commissioner of the Alabama Department of Mental Health, jointly submit this report on the status of compliance with the Consent Decree entered in this action on January 25, 2018 (*See* Order Directing Status Report, ECF No. 95; Consent Decree, ECF No. 94).

The Court entered an Order on March 22, 2021 that ADMH's (hereinafter "the Department") proposed remedial plan was to address the Department's continued noncompliance with the Consent Decree. Further, the Court ordered that the parties file a joint report explaining any additional steps the Department has taken since the last hearing to otherwise achieve substantial compliance with the Consent Decree.

The last status conference occurred on February 22, 2021. In compliance with the March 22, 2021 order, the parties file their joint report in the following manner:

The Department continues its ongoing efforts to reduce inpatient wait time to hospital admission and outpatient wait time to evaluation. The Department is additionally utilizing the following efforts to increase compliance since the last status hearing:

1. The Department has methodically ramped up inpatient admissions since January 2021, while addressing both current COVID-19 safety protocols and staffing shortages. The current quarantine time has been reduced from 14 days to 5 days per Dr. Mark Woods, DMH Medical Director, thereby increasing the rate at which the Department can admit new patients for available beds. As of this date, the Department's goal is to admit two new patients per week until all remaining beds are filled. Despite the pandemic, the number of inpatient admissions has gradually increased over time, and the Department is committed to continued focus on both admissions and discharges as equal priority.

2. The Department's Office of Forensic Services Director is in the final stages of revising the existing competency restoration treatment plan to a shorter, clinically-approved plan that is expected to restore incompetent defendants in six months or less. The revised plan is expected to result in more available beds and a faster pace for admissions. This plan will be piloted within both Taylor Hardin and Bryce Hospital over the coming weeks. The curriculum is a

manualized competency restoration program that contains 20 modules that address factual knowledge and rational understanding and decision making. The curriculum is utilized in other states and is designed to be versatile for both inpatient and outpatient settings. Once the model is refined through the inpatient pilot process, it will be piloted within an outpatient setting. Plans for piloting the outpatient restoration model will be developed over the coming weeks.

3. The Department's Office of Forensic Services Director is also presently revising the certified evaluator training curriculum, to attract a larger pool of willing evaluators to the Department. Forensic evaluations are completed by clinicians who are certified by the Department, referred to as Certified Forensic Examiners (CFEs). The Department certifies CFEs to ensure that defendants receive evaluations of sufficient quality. Certified CFEs are permitted to perform evaluations for both inpatient or outpatient orders. The pace of evaluations is reliant on the caseload each CFE can physically handle and increasing the available CFEs should result in substantial compliance.

4. The Department increased its requests to circuit courts for releases this quarter, and filed approximately 19 (9 from Taylor Hardin, 10 from Hill Crest) release petitions since January 1, 2021, with another 7 petitions ready to file.

5. Construction is progressing for the 15 contracted new inpatient beds operated by South Central Alabama Mental Health Center. The Department anticipates these beds shall be operational by late summer 2021.

6. The Forensic Outpatient Program revised its policy of waiting on all available records prior to conducting a competency evaluation. The new practice is for the evaluator to perform the competency evaluation and report as soon as possible, even if that means decoupling the mental state at the time of the offense evaluation and returning on a later date.

7. The Department's ongoing efforts to achieve substantial compliance continue as outlined in the previously submitted remediation plan, which include:

a. Increasing the number of forensic beds available in the future;

b. Strengthening the Office of Forensic Mental Health Services to coordinate the provision of forensic examination services within both the inpatient and outpatient sectors;

c. Improving data collection and tracking systems; and

d. Addressing six pillars or areas that will position the Department to sustain progress:

i. Quality Assurance

ii. Staff Recruitment

iii. Treatment, Advocacy and Programming

iv. Examination/Evaluation Services

v. Standards and Practices

vi. Data Collection and Management

8. The Department continues to fill critical professional and administrative staff, despite staffing shortages, to wit:

a. Taylor Hardin recently hired a Human Resources staff person dedicated to recruitment and retention activities;

b. Taylor Hardin continues to participate in job fairs (e.g., online nurse job fairs, American Psychological Association online job fair);

c. Employment opportunities are listed on the facility/agency's social media page(s), newspapers, and news magazine resources within Tuscaloosa and surrounding counties;

d. Increasing the use of web-based recruitment tools such as Indeed;

e. Continued use of ADMH approved contract providers; and

f. Engaging in activities to improve workplace culture that can help with recruitment and retention such as bringing all staff into leadership meetings and activities, training opportunities, and staff recognition.

The parties will continue to endeavor to create a joint plan to move the Department to substantial compliance with the Consent Decree in this case. The parties understand that the Consent Decree as well as the monitoring period has been extended until January 28, 2023 (*See* Doc. 181, Order granting Consent Decree extension, March 22, 2021).

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATUS UPDATE**

Plaintiffs are interested in the Department's proposed new competency restoration methodology. However, as with the proposed new curriculum for training CFEs, to which Plaintiffs respond more fully below, Defendant must ensure that quality of treatment is not sacrificed in the name of compliance. Plaintiffs will expect to see data before each of the upcoming status conferences in this matter regarding the implementation of the new competency restoration program, to include the following information:

1. The number of residents at Taylor Hardin and Bryce undergoing the new method of treatment;
2. The methodology used to determine who is clinically "restored" to competency under this new program, as well as what constitutes being "restored";
3. The progress, on a weekly basis, that each participant in the pilot is making toward being "restored" using this definition;

4. What additional interventions and changes in treatment modalities are being implemented to assist participants who are not making appropriate progress toward restoration within the new program; and
5. What backup plans the Department has to accommodate defendants who are unable, for whatever reason, to become restored via the new program.

With respect to recruitment and retention of CFEs, while Defendant's proposals certainly sound like a step in the right direction, Plaintiffs cannot truly know whether the proposals will have meaningful results without more information. For example, it is unclear why a new curriculum for training CFEs is expected to result in greater ability to recruit and retain CFEs. This proposal is also somewhat concerning in light of the Groundswell consultants' conclusion that Alabama has historically had issues with utilizing under-qualified CFEs who have produced evaluations of a weaker quality. While Plaintiffs are not suggesting that the Department is purposefully implementing an "easier" training curriculum that may risk sending under-qualified CFEs into jails and prisons to then complete weaker evaluations, Defendant must ensure that the quality of competency evaluations absolutely is not sacrificed in the name of compliance.

In terms of recruiting and retaining both CFEs and qualified hospital staff, Defendant needs to go beyond simply posting open positions online—Defendant needs to make its facilities places where people actually want to work. Counsel is and has been aware that facility employees are generally dissatisfied with the low pay, long hours, and lack of support that characterize their jobs. In addition to its work to recruit and retain professional and administrative staff, Defendant needs to work to recruit and retain high-quality direct care workers. Good direct care staff are the backbone of a well-run facility, and, by extension, their contribution to a working forensic system cannot be understated. Defendant must also seriously increase its recruitment efforts. For example,

although Defendant notes it is posting open positions on the facility/agency's social media pages, a review of the Facebook pages for Taylor Hardin and Hillcrest both reflect only three (3) postings per page related to open positions in the last year. Bryce Hospital does not appear to have a Facebook page.

In light of the above, Plaintiffs reproduce here their request, as stated in their response to Defendant's proposed remedial plan filed May 18, 2021, for the following information:

1. The companies responsible for providing Certified Forensic Examiners ("CFEs") to all areas of Alabama, and the contracts that Defendant has with those companies for the provision of CFEs to the Department;
2. Documentation, provided quarterly, reflecting whether there are gaps in the provision of outpatient competency services in certain geographical areas of Alabama;
3. Documentation reflecting the optimal staffing level for each position within the Department, including both professional and non-professional (e.g., direct care staff) positions;
4. Documentation reflecting vacancy rates by each position within the Department, including both professional and non-professional (e.g., direct care staff) positions; and
5. Documentation reflecting the prevailing pay rates for each position within the Department, including both professional and non-professional (e.g., direct care staff) positions on both a regional (i.e., the Southeastern United States) and national basis.

As Plaintiffs described in their response to Defendant's proposed remedial plan filed May 18, 2021, Plaintiffs believe that gathering further information about Defendant's staffing issues will be useful for this Court in assessing whether and how Defendant will be able to reach compliance,

and how Defendant may need to implement additional interventions if the Department's staffing problems cannot be fixed internally.

Dated: May 25, 2021

Respectfully submitted,

/s/ Shandra N. Monterastelli
Shandra N. Monterastelli (ASB-1016-N00Q)
ALABAMA DISABILITIES ADVOCACY PROGRAM
William Van Der Pol, Jr. (ASB-2112-114F)
Lonnie J. Williams (ASB-2866-I35W)
500 Martha Parham West
Box 870395
Tuscaloosa, AL 35487-0395
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
Email: wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
smonterastelli@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone: (256) 764-4141
Facsimile: (877) 864-0802
Email: hank@alcivilrights.com

Tish G. Faulks
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone: (334) 420-1741
Facsimile: (334) 269-5666
Email: tgfaulks@aclualabama.org

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*

/s/ Thomas B. Klinner______________________
Thomas B. Klinner (ASB-9911-L67T)
Edward C. Hixon (ASB-5964-H65E)
Ashley L. Nichols (ASB-8291-E36N)
Nancy S. Jones (ASB-4740-S66N)
ALABAMA DEPARTMENT OF MENTAL HEALTH
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.Klinner@mh.alabama.gov
Eddie.Hixon@mh.alabama.gov
Ashley.Nichols@mh.alabama.gov
Nancy.Jones@mh.alabma.gov

*Attorneys for Defendant Kimberly G. Boswell*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court via the CM/ECF system this 25th day of May 2021.

| | |
|---|---|
| Shandra N. Monterastelli<br>William Van Der Pol, Jr.<br>Lonnie Williams<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>wvanderpoljr@adap.ua.edu<br>lwilliams@adap.ua.edu<br>smonterastelli@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabma.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |
| Tish G. Faulks<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>tgfaulks@aclualabama.org | |

/s/ Thomas B. Klinner
Thomas B. Klinner (ASB-9911-L67T)
Counsel for Defendant