UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,

Plaintiffs,

v.

KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,

Defendant.

CASE NO. 2:16-cv-00798-MHT-CSC

CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

**JOINT STATUS REPORT**

The named Plaintiffs as class representatives, the Alabama Disabilities Advocacy Program, and the named Defendant, Kimberly G. Boswell, Commissioner of the Alabama Department of Mental Health (the Department), submit this report as ordered by the Court on June 7, 2021 on the status of compliance with the Consent Decree entered in this action on January 25, 2018 (see Order ECF No. 191; Consent Decree, ECF No. 94), and in compliance with the Court's Order of March 22, 2021 (ECF No. 182).

**DEFENDANT'S STATUS UPDATE**

Since the parties' last status hearing before this Court, the Department has continued its work to reduce the backlog of incarcerated defendants awaiting outpatient evaluations. The Department's September 2021 report to the monitor continues to demonstrate compliance with the Consent Decree, with an average of 24.6 days from receipt of the order to evaluation for competency to stand trial. Five outliers persist over 30 days which were not the Department's fault, i.e., two incarcerated defendants refused to sit for the evaluation, and three could not be evaluated due to active Covid-19 quarantine. One additional defendant was not evaluated due to oversight in receipt of order.

The Department will continue to use its evaluators in the most efficient manner possible to stay in substantial compliance and will ask for relief from the Consent Decree as far as providing outpatient evaluations at the proper time.

The Department still is struggling with its inpatient waitlist, again mainly because of a resurgence in Covid-19 cases. Taylor Hardin Secure Medical Facility still admits only two patients per week because of the necessity to quarantine new patients per Dr. Mark Woods, the

Department's medical director, and in concert with current CDC guidelines. Taylor Hardin continues to safely admit and discharge patients during the pandemic. The Department has approved three emergency placements since the last status conference pursuant to the Consent Decree.

The inpatient waitlist slightly increased to 94 in September's report to the monitor, but the Department still has open beds that can be safely filled. The Department's newly constructed 16-bed forensic hospital-like facility (The Norman-McLendon Facility) is close to opening and is in the final stages of hiring professional medical staff. Once operational, this facility shall be taking patients from the inpatient waitlist for evaluation and restoration.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATUS UPDATE**

Plaintiffs acknowledge that Defendant met its proposed benchmark for Outpatient Mental Evaluations during the month of July 2021 and that the timeframes for provision and submission of Outpatient Mental Evaluations fell within the Substantial Compliance timeframe in August 2021. Even when calculated in date-of-receipt order, the average time for provision of Outpatient Mental Evaluations in August 2021 was 34.8 days. Although, after only one month of Substantial Compliance, it is still too soon to tell whether there is a pattern or trend indicating progress toward sustained, long-term compliance with the terms of the Consent Decree, Plaintiffs are pleased to see that Defendant has continued its forward trajectory toward compliance with the timeframes provided by the Consent Decree for provision of Outpatient Mental Evaluations and submission of reports on same to relevant courts, and Plaintiffs look forward to turning to fixing Defendant's continued compliance issues with inpatient measures.[1]

---

[1] Plaintiffs acknowledge that the resurgence of COVID-19 over the past few months represents an added obstacle to compliance with the provisions of the Consent Decree mandating timeframes

Plaintiffs further recognize that some Outpatient Mental Evaluations were delayed for reasons outside of Defendant's control—for example, two different class members allegedly refused to be evaluated in August, and several class members had their evaluations delayed due to COVID-19 outbreaks and/or related quarantine in the jails and/or prisons where they are currently incarcerated. Still another was not able to be evaluated due to staffing issues at the jail. While these specific issues are obviously outside of Defendant's control, Plaintiffs note that Defendant has represented in the past that the Department has developed what seems to be a fairly robust system for evaluating class members via telehealth. Plaintiffs would recommend that such measures be used where, for example, evaluators are not able to enter jails and/or prisons due to COVID-19. Plaintiffs would further recommend that Defendant implement stronger data tracking policies to ensure no further orders are overlooked, causing unnecessary delays in class members' evaluations.

It is still not clear whether Defendant has made any sustainable, long-term systemic changes to the manner in which it provides competency services, or whether the Department just pushed CFEs to perform more evaluations during the months of June, July, and August to improve the compliance figures for that limited period of time. Nevertheless, Plaintiffs are hopeful that Defendant will "continue to use its evaluators in the most efficient manner possible to stay in Substantial Compliance." Plaintiffs would remind Defendant that the terms of the Consent Decree provide that Substantial Compliance must be achieved for nine (9) consecutive months with *all* portions thereof before Defendant is able to seek relief from the Consent Decree.

---

for provision of inpatient-based services. All parties are hopeful that this newest wave will have ended or at least receded somewhat by the time the parties turn their attention toward inpatient-based services.

Dated: September 28, 2021

Respectfully submitted,

/s/ Thomas B. Klinner
Thomas B. Klinner (ASB-9911-L67T)
Edward C. Hixon (ASB-5964-H65E)
Ashley L. Nichols (ASB-8291-E36N)
Nancy S. Jones (ASB-4740-S66N)
ALABAMA DEPARTMENT OF MENTAL HEALTH
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.Klinner@mh.alabama.gov
Eddie.Hixon@mh.alabama.gov
Ashley.Nichols@mh.alabama.gov
Nancy.Jones@mh.alabma.gov

*Attorneys for Defendant Kimberly G. Boswell*

/s/ Shandra N. Monterastelli
Shandra N. Monterastelli (ASB-1016-N00Q)
ALABAMA DISABILITIES ADVOCACY PROGRAM
William Van Der Pol, Jr. (ASB-2112-114F)
Lonnie J. Williams (ASB-2866-I35W)
500 Martha Parham West
Box 870395
Tuscaloosa, AL 35487-0395
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
Email: wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
smonterastelli@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone: (256) 764-4141

Facsimile: (877) 864-0802
Email: hank@alcivilrights.com

Tish G. Faulks
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone: (334) 420-1741
Facsimile: (334) 269-5666
Email: tgfaulks@aclualabama.org

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court via the CM/ECF system this 28th day of September 2021.

| | |
|---|---|
| Shandra N. Monterastelli<br>William Van Der Pol, Jr.<br>Lonnie Williams<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>wvanderpoljr@adap.ua.edu<br>lwilliams@adap.ua.edu<br>smonterastelli@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabma.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |
| Tish G. Faulks<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>tgfaulks@aclualabama.org | |

/s/ Thomas B. Klinner
Thomas B. Klinner (ASB-9911-L67T)
Counsel for Defendant