UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,

    Plaintiffs,

v.

KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,

    Defendant.

CASE NO. 2:16-cv-00798-MHT-CSC

CLASS ACTION FOR

DECLARATORY AND

INJUNCTIVE RELIEF

1

## JOINT STATUS REPORT

The named Plaintiffs as class representatives, the Alabama Disabilities Advocacy Program, and the named Defendant, Kimberly G. Boswell, Commissioner of the Alabama Department of Mental Health (the Department), submit this report as ordered by the Court on June 7, 2021 on the status of compliance with the Consent Decree entered in this action on January 25, 2018 (see Order ECF No. 191; Consent Decree, ECF No. 94), and in compliance with the Court's Order of March 22, 2021 (ECF No. 182).

## DEFENDANT'S STATUS UPDATE

Since the parties' last status hearing before this Court, the Department has continued its work to reduce the backlog of incarcerated defendants awaiting outpatient evaluations. The Department's October 2021 report to the monitor continues to demonstrate compliance with the Consent Decree, with an average of 20 days from receipt of the order to evaluation for competency to stand trial. Three outliers persist over 30 days which were not the Department's fault, i.e., one could not be evaluated due to active Covid-19 quarantine, one is a complex case, and the attorney wants to be present for all evaluations, and one defendant was timely evaluated but the data entry was delayed.

The Department will continue to use its evaluators in the most efficient manner possible to stay in substantial compliance and will ask for relief from the Consent Decree as far as providing outpatient evaluations at the proper time.

The Department is still utilizing Covid-19 protocols to reduce infection and transmission for its inpatient admissions. Admissions remain on a slower pace so that adequate quarantine space is available. Taylor Hardin Secure Medical Facility still admits only two patients per week

2

because of the necessity to quarantine new patients per Dr. Mark Woods, the Department's medical director, and in concert with current CDC guidelines. The Department has approved three emergency placements since the last status conference pursuant to the Consent Decree.

The inpatient waitlist slightly increased to 113 in October's report to the monitor, but the Department still has open beds that can be safely filled.  The Department's newly constructed 16-bed forensic hospital-like facility (The Norman-McLendon Facility) will open with staff November 15th and has scheduled its first two admissions for November 30, 2021 and December 1, 2021.  It is anticipated another three patients will be admitted by December 31, 2021, with the remaining beds to be filled on a structured pace.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATUS UPDATE**

Plaintiffs commend Defendant for the Department's continued forward progress toward Substantial Compliance with the timeframes for provision of Outpatient Mental Evaluations. When taking into account out-of-order provision of services, Defendant was well under the 34-day timeframe for Substantial Compliance, and even when calculated in date-of-receipt order, Defendant was still only 0.1 days over the Substantial Compliance timeframe in September 2021, and close to nine (9) full days under it in October 2021. Plaintiffs note that the Department appears to be working on ways to more efficiently utilize CFEs, and commend the Department for that development. Plaintiffs further note that Defendant has been working to provide clearer, more detailed narrative reasons explaining skips and jumps in the provision of outpatient-based services, which makes it significantly more simple to ascertain the true status of Defendant's compliance with the terms of the Consent Decree, and to identify where logjams may occur, if and when such happens. Plaintiffs are hopeful that Defendant will continue its forward trajectory toward long-term, sustained compliance with the terms of the Consent Decree as they relate to the provision of

Outpatient Mental Evaluations. Plaintiffs also look forward to turning to fixing Defendant's continued compliance issues with inpatient measures.[1]

Dated: November 9, 2021

Respectfully submitted,

/s/ Thomas B. Klinner
Thomas B. Klinner (ASB-9911-L67T)
Edward C. Hixon (ASB-5964-H65E)
Ashley L. Nichols (ASB-8291-E36N)
Nancy S. Jones (ASB-4740-S66N)
ALABAMA DEPARTMENT OF MENTAL HEALTH
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.Klinner@mh.alabama.gov
Eddie.Hixon@mh.alabama.gov
Ashley.Nichols@mh.alabama.gov
Nancy.Jones@mh.alabma.gov

*Attorneys for Defendant Kimberly G. Boswell*

/s/ Shandra N. Monterastelli
Shandra N. Monterastelli (ASB-1016-N00Q)
ALABAMA DISABILITIES ADVOCACY PROGRAM
William Van Der Pol, Jr. (ASB-2112-114F)
Lonnie J. Williams (ASB-2866-I35W)
500 Martha Parham West
Box 870395
Tuscaloosa, AL 35487-0395
Telephone:  (205) 348-4928
Facsimile:  (205) 348-3909
Email:  wvanderpoljr@adap.ua.edu
            lwilliams@adap.ua.edu
            smonterastelli@adap.ua.edu

---

[1] Plaintiffs acknowledge that the resurgence of COVID-19 over the past few months represents an added obstacle to compliance with the provisions of the Consent Decree mandating timeframes for provision of inpatient-based services. All parties are hopeful that this newest wave will have ended or at least receded somewhat by the time the parties turn their attention toward inpatient-based services.

4

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone:  (256) 764-4141
Facsimile:   (877) 864-0802
Email:  hank@alcivilrights.com

Tish G. Faulks
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone:  (334) 420-1741
Facsimile:   (334) 269-5666
Email: tgfaulks@aclualabama.org

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court via the CM/ECF system this 9th day of November 2021.

| | |
|---|---|
| Shandra N. Monterastelli<br>William Van Der Pol, Jr.<br>Lonnie Williams<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>wvanderpoljr@adap.ua.edu<br>lwilliams@adap.ua.edu<br>smonterastelli@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabma.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |
| Tish G. Faulks<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>tgfaulks@aclualabama.org | |

/s/ Thomas B. Klinner
Thomas B. Klinner (ASB-9911-L67T)
Counsel for Defendant