UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,<br><br>Defendant. | CASE NO. 2:16-cv-00798-MHT-CSC<br><br>CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

## JOINT STATUS REPORT

The named Plaintiffs as class representatives, the Alabama Disabilities Advocacy Program, and the named Defendant, Kimberly G. Boswell, Commissioner of the Alabama Department of Mental Health (the Department), submit this report as ordered by the Court on June 7, 2021 on the status of compliance with the Consent Decree entered in this action on January 25, 2018 (see Order

ECF No. 191; Consent Decree, ECF No. 94), and in compliance with the Court's Order of March 22, 2021 (ECF No. 182).

**DEFENDANT'S STATUS UPDATE**

The parties' last status hearing before this Court took place on August 19, 2022. The Department has continued to demonstrate substantial compliance with outpatient evaluations and reporting outlined in the Consent Decree over the last eleven months. The Department has done so despite an increase in orders over the past several months. The Forensic Outpatient Program (FOP) has received in excess of 100 evaluation orders per month for the past several months.

Taylor Hardin Secure Medical Facility is currently utilizing all of its 140 beds. Renovations are ongoing that will eventually result in additional beds. The inpatient waitlist was 158 as of the end of September 2022. The pace of inpatient orders from Circuit Courts has not decreased.

The Department's newly constructed 16-bed forensic hospital-like facility in Greenville, Alabama (The Norman-McLendon Facility) is currently almost at capacity. It should be noted that competency restoration has been added at the Norman-McLendon Facility. ADAP attorneys toured this facility on October 14, 2022. ADAP was allowed to meet and talk with staff as well as given the opportunity to meet with any patients desiring a consultation. Multiple patients took advantage of this opportunity.

ADAP attorneys also toured the JBS MOM (Medication/Observation/Meals) apartment complex in Birmingham on October 12, 2022. ADAP was able to meet and talk with staff members as well as residents of the program. ADAP toured multiple apartments and spoke with residents about their impressions of the program.

The Department continues to fully utilize 27 inpatient beds at Hill Crest Hospital in Birmingham for inpatient treatment, evaluation, and competency restoration. Additionally, the Department is bringing East Central up to capacity so that they can safely serve some defendants who have been difficult to place in the community due to the need to offer structure and monitoring.

The Department, in conjunction with its partnership with the University of Alabama FARE (Forensic Assessment, Research and Evaluation) team, has recently been awarded a grant from the Bureau of Justice Assistance for development of a Jail Based Competency Restoration (JBCR) model. This model will eventually allow for delivery of competency restoration services to defendants residing in jails and deemed incompetent to stand trial. A well-designed curriculum combined with medication management services could significantly reduce the need for inpatient competency restoration services and reduce the number of people on the waiting list. The JBCR project will allow the Department and UA FARE to (1) develop and implement a screening tool that will be used by examiners to guide recommendations pertaining to the competency restoration setting most appropriate for the defendant, (2) identify, train, and make available clinicians who will deliver the Department's competency restoration program and curriculum, either in person or using remote technologies, (3) strengthen existing community partnerships to enable defendants to access a network of jail and community based mental health services, and (4) allow for program evaluation for the purposes of quality assurance and program expansion across the state.

The Bureau of Justice Assistance will make the project funding available to the project team in January 2023 at which time planning will begin to include establishing MOUs with participating jails and agencies and finalizing plans for program roll out. The curriculum will be

piloted in Jefferson County beginning sometime in 2023. The model will gradually be expanded to include additional jail settings including jails located in rural areas.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATUS UPDATE**

Plaintiffs are excited to learn that Defendant has obtained a grant to develop a jail-based restoration program and look forward to the implementation of same. As Plaintiffs have noted, building out non-institutional methods of delivering competency services will contribute to more effective utilization of the Department's operational capacity which will, in turn, hopefully move Defendant further along on the path to substantial compliance with the terms of the Consent Decree. Creating a broad, working structure for forensic treatment requires more than simply adding more bed capacity, and Plaintiffs are pleased to see Defendant's move toward implementing additional interventions to improve the provision of competency services in Alabama and move toward compliance with the terms of the Consent Decree.

Additionally, as Defendant notes, ADAP attorneys had the opportunity to visit the JBS MOM apartments in Birmingham on October 12, 2022 and the Norman-McClendon facility in Greenville on October 14, 2022. ADAP was generally impressed with both programs; the therapeutic environment at the Norman-McClendon facility warrants particular attention. Plaintiffs look forward to seeing how the practices and techniques for effective delivery of competency services that Defendant is currently developing at the Norman-McClendon facility will be able to be expanded for use in other settings.

While Plaintiffs commend Defendant for her continued progress toward compliance with several measures of the Consent Decree, Plaintiffs have serious concerns about the uptick in wait times for Outpatient Mental Evaluations during the months of August and September 2022. While the average wait time for evaluations provided outside of date-of-receipt order remained well under

the 34-day Substantial Compliance timeframe, date-of-receipt order calculations revealed average wait times of 47.7 days in August 2022 and 45.7 days in September 2022.

The parties have agreed that out-of-order provision of services can count toward compliance where Defendant provides a substantive narrative reason for skips and jumps. While Defendant did provide substantive reasons for some skips and jumps, there were substantial gaps in the provision of the required narratives such that it is not clear why there are enough individuals waiting more than 34 days for their evaluations that the average wait time for same, when calculated in date-of-receipt order, has increased so significantly since the last status conference in this matter. For example, in August and September 2022, out of a total of 48 individuals who had been waiting more than 34 days to receive their evaluations, narrative reasons were only provided for 24 of them. As such, for the remaining 24 individuals, Plaintiffs have no way to know why they were skipped. With Plaintiffs having been provided such a dearth of information, they cannot count Defendants as having been compliant with the timeframes for provision of Outpatient Mental Evaluations during the months of August and September 2022. Plaintiffs acknowledge, however, that the final decision on whether to grant Defendant's July 27 Petition for Relief from Reporting Outpatient Evaluation Statistics to Monitor (ECF No. 225) rests with this Court.

Dated: November 2, 2022

Respectfully submitted,

/s/ Thomas B. Klinner

Thomas B. Klinner (ASB-9911-L67T)
Edward C. Hixon (ASB-5964-H65E)
Ashley L. Nichols (ASB-8291-E36N)
Nancy S. Jones (ASB-4740-S66N)
ALABAMA DEPARTMENT OF MENTAL HEALTH
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Tommy.Klinner@mh.alabama.gov

Eddie.Hixon@mh.alabama.gov
Ashley.Nichols@mh.alabama.gov
Nancy.Jones@mh.alabma.gov

*Attorneys for Defendant Kimberly G. Boswell*

/s/ Shandra N. Monterastelli
Shandra N. Monterastelli (ASB-1016-N00Q)
ALABAMA DISABILITIES ADVOCACY PROGRAM
William Van Der Pol, Jr. (ASB-2112-114F)
Lonnie J. Williams (ASB-2866-I35W)
500 Martha Parham West
Box 870395
Tuscaloosa, AL 35487-0395
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
Email: wvanderpoljr@adap.ua.edu
lwilliams@adap.ua.edu
smonterastelli@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone: (256) 764-4141
Facsimile: (877) 864-0802
Email: hank@alcivilrights.com

Tish G. Faulks
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone: (334) 420-1741
Facsimile: (334) 269-5666
Email: tgfaulks@aclualabama.org

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court via the CM/ECF system this 2nd day of November 2022.

| | |
|---|---|
| Shandra N. Monterastelli<br>William Van Der Pol, Jr.<br>Lonnie Williams<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>wvanderpoljr@adap.ua.edu<br>lwilliams@adap.ua.edu<br>smonterastelli@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabma.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |
| Tish G. Faulks<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>tgfaulks@aclualabama.org | |

/s/ Thomas B. Klinner
Thomas B. Klinner (ASB-9911-L67T)
Counsel for Defendant