UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,<br><br>Defendant. | CASE NO. 2:16-cv-00798-MHT-CSC<br><br>CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

**PLAINTIFFS' FILING OF SUPPLEMENTAL DATA REFLECTING COMPLIANCE WITH CONSENT DECREE**

The named Plaintiffs as class representatives and the Alabama Disabilities Advocacy Program submit this report reflecting the most recent status of compliance with the Consent Decree entered in this action on January 25, 2018. *See* Consent Decree, ECF No. 94. This report encompasses all new data that Defendant has provided to Plaintiffs since the last supplemental data filings on May 11, 2023. *See* Plaintiffs' Filing of Supplemental Data Reflecting Compliance with Consent Decree (May 11, 2023), ECF No. 257.

All compliance measures referenced below, other than those pertinent to requests for treatment under the Emergency Treatment Protocol (ETP), must adhere to a timeframe of 34 days or less for completion of the relevant service. Thus, where evaluations are ordered, they must be completed within 34 days of Defendant's receipt of the order directing same. The reports on those evaluations must be submitted to the relevant circuit court within another 34 days (for a total of 68 days from the entry of the order to when the report on the evaluation must be submitted). Where a class member is ordered to be admitted to Taylor Hardin, Hill Crest, Bryce, or the Norman-McClendon Facility for Competency Restoration Treatment, that individual must be admitted to the facility within 34 days following Defendant's receipt of the order directing same. For identification and treatment of class members under the ETP, the following timeframes are in place:

1. ADMH officials must provide notice to the Monitor of request for evaluation for emergency treatment within 48 hours of receiving same;
2. ADMH officials must ascertain whether the person referred for an evaluation for emergency treatment is a class member, and if the individual is a class member, arrange for a clinical professional to visit the class member to conduct an assessment of the class member's need for emergency treatment within 4 business days of the ADMH Designee's receipt of the notice of the class member's need for emergency treatment;
3. ADMH officials must arrange for the provision of emergency treatment to class members who, following an emergency evaluation for treatment, are deemed by a clinical professional to need early admission into a facility for purposes of receiving a court-ordered inpatient mental evaluation or competency restoration treatment within 7 days of the clinical professional's in-person visit;

4. ADMH officials must advise the Monitor of the clinical professional's determination regarding the class member's need for emergency treatment within 48 hours of the professional's in-person visit with the class member;
5. ADMH officials must advise the Monitor of any refusal by county jail officials to ADMH officials seeking access to a person referred for an evaluation for emergency treatment within 24 hours; and
6. ADMH officials must forward notice of an incarcerated criminal defendant believed to be suicidal to the Monitor within 24 hours.

## I. Identification and Treatment of Class Members Under the Emergency Treatment Protocol

Plaintiffs did not receive notice that any individuals had been referred for emergency treatment in the period since the May 11, 2023 supplemental filing in this matter.

## II. Outpatient Mental Evaluations

The number of Outpatient Mental Evaluations performed remained mostly consistent during the period since the May 11 supplemental data filing, with 41, 38, and 35 evaluations conducted in each month respectively. In total, Defendant conducted a total of 114 evaluations. Wait times for Outpatient Mental Evaluations were low when taking into account "skips and jumps," for wait times of 24.6 days in May 2023, 23 days in June 2023, and 20.3 days in July 2023. Additionally, when calculated in date-of-receipt order, wait times for provision and submission of Outpatient Mental Evaluations trended back below the Substantial Compliance timeframe May and July 2023, where average wait times were 31 and 28.4 days, respectively. The average wait time in date-of-receipt order was 34.5 days in June 2023, just barely above the Substantial Compliance threshold of 34 days.

The parties have agreed that out-of-order service provision can be counted toward compliance where Defendant provides substantive, understandable narrative reasons for why class members were skipped. Plaintiffs have noted before that, although the parties have agreed to this requirement, it is not as crucial in months where average wait times remain below 34 days both when taking into account skips and jumps, and when calculating wait times in date-of-receipt order. Nonetheless, it is clear that Defendant has continued to put forth a good-faith effort to provide these reasons: In May 2023, Defendant provided reasons for nine of the 12 individuals who had been waiting over 34 days for their evaluations by the end of the month; in June and July 2023, Defendant provided reasons for seven of 14 and three of five similarly-situated individuals, respectively.

Although the average wait time for Outpatient Mental Evaluations was above 34 days in June 2023 and the narrative reasons were more sparse in that month than in others, Plaintiffs recognize that A) the average wait time for an Outpatient Mental Evaluation in June 2023 was only one-half of a day over the 34-day threshold, and B) the Department has made significant—and mostly successful—efforts to bring the wait times for Outpatient Mental Evaluations back under 34 days, while also working to provide more of the required narratives. As such, while Defendant *technically* did not meet the Substantial Compliance threshold in June 2023, Plaintiffs' position is that the totality of the circumstances does not warrant a finding of noncompliance that would effectively penalize the Department.

As in previous reports, compliance was calculated based on the provision and submission of Outpatient Mental Evaluations in the date-of-receipt order specified by the Consent Decree, in addition to calculating compliance based on the total provision and submission of Outpatient Mental Evaluations as a whole. For individuals who were skipped and did not receive an Outpatient

Mental Evaluation during the month in question, Plaintiffs used for compliance calculations the number of days that individual had been waiting for the provision of their Outpatient Mental Evaluation at the time that the waitlist for that month was finalized.

**Provision of Outpatient Mental Evaluations**

| Performance Period | Total Days Between Date Order Received and Date of Evaluation | Total Number of Evaluations | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 5/1-31/2023 | 1,010 | 41 | 24.6 days | 34 days | Compliant |
| 6/1-30/2023 | 875 | 38 | 23 days | 34 days | Compliant |
| 7/1-31/2023 | 711 | 35 | 20.3 days | 34 days | Compliant |

**Provision of Outpatient Mental Evaluations in Date-of-Receipt Order**

| Performance Period | Total Days Between Date Order Received and Date of Evaluation | Total Number of Evaluations | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 5/1-31/2023 | 1,272 | 41 | 31 days | 34 days | Compliant |
| 6/1-30/2023 | 1,312 | 38 | 34.5 days | 34 days | *See discussion above* |
| 7/1-31/2023 | 994 | 35 | 28.4 days | 34 days | Compliant |

The average time period for submission of reports on Outpatient Mental Evaluations exceeded the Substantial Compliance threshold in June and July 2023. With that being said, though, average wait times for submission of reports on Outpatient Mental Evaluations has not historically been a significant issue since this litigation entered monitoring. As such, Plaintiffs do not have similar concerns about "backsliding," such as those that were raised by the increase in wait times to receive Outpatient Mental Evaluations generally—specifically because those increases were much more significant, and because wait times to receive Outpatient Mental

Evaluations have historically been a significant barrier to remediating the conditions that gave rise to this litigation in the first place.

**Submission of Reports on Outpatient Mental Evaluations to Courts**

| Performance Period | Total Days Between Date of Evaluation and Submission to Court | Total Number of Submissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 5/1-31/2023 | 1,376 | 41 | 33.6 days | 34 days | Compliant |
| 6/1-30/2023 | 1,804 | 50 | 36.1 days | 34 days | Noncompliant |
| 7/1-31/2023 | 1,500 | 43 | 34.9 days | 34 days | Noncompliant |

## III. Inpatient Mental Evaluations

The data provided by Defendant does not indicate that any class members have been admitted to facilities for Inpatient Mental Evaluations in the period since the May 11 supplemental data filing. Plaintiffs remain encouraged by what appears to be an improvement in the efficiency with which the Department manages its operational capacity.

## IV. Competency Restoration Treatment

For males, wait times for facility admission to begin receiving Competency Restoration Treatment (CRT) have climbed substantially, remain consistently in excess of 300 days. However, it is clear that Defendant continues to make efforts to admit class members to facilities in order for CRT. Wait times for females to be admitted to Bryce for CRT have continued to increase substantially.

**Taylor Hardin Secure Medical Facility**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 5/1-31/2023 | 1,537 | 3 | 512.3 days | 34 days | Noncompliant |
| 6/1-30/2023 | 1,092 | 3 | 364 days | 34 days | Noncompliant |
| 7/1-31/2023 | 4,608 | 8 | 576 days | 34 days | Noncompliant |

**Hill Crest Hospital**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 5/1-31/2023 | 531 | 1 | 531 days | 34 days | Noncompliant |
| 6/1-30/2023 | 1,045 | 2 | 522.5 days | 34 days | Noncompliant |
| 7/1-31/2023 | 5,893 | 9 | 453.3 days | 34 days | Noncompliant |

**Norman-McClendon Facility (South Central Mental Health Center)**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 5/1-31/2023 | 1,993 | 5 | 398.6 days | 34 days | Noncompliant |
| 6/1-30/2023 | N/A | N/A | N/A | 34 days | N/A |
| 7/1-31/2023 | N/A | N/A | N/A | 34 days | N/A |

**Bryce Hospital**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 5/1-31/2023 | 659 | 6 | 110 days | 34 days | Noncompliant |
| 6/1-30/2023 | 331 | 8 | 41.4 days | 34 days | Noncompliant |
| 7/1-31/2023 | 51 | 3 | 17 days | 34 days | Compliant |

## V. Hospital Forensic Beds

On January 18, 2023, the ADMH Commissioner was determined to have achieved full compliance with measures relating to Hospital Forensic Beds, and that portion of monitoring was terminated. *See* ECF No. 245.

## VI. Community Forensic Beds

On January 18, 2023, the ADMH Commissioner was determined to have achieved full compliance with measures relating to Community Forensic Beds, and that portion of monitoring was terminated. *See* ECF No. 245.

Dated: August 9, 2023

Respectfully submitted,

Shandra N. Monterastelli (ASB-1016-N00Q)
William Van Der Pol, Jr. (ASB-2112-114F)
Larry G. Canada (ASB-3153-N73L)
Lonnie J. Williams (ASB-2866-I35W)
ALABAMA DISABILITIES ADVOCACY PROGRAM
2008 12th Street
Box 870395
Tuscaloosa, AL 35487-0395
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
Email: smonterastelli@adap.ua.edu
wvanderpoljr@adap.ua.edu
lcanada@adap.ua.edu
lwilliams@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone: (256) 764-4141
Facsimile: (877) 864-0802
Email: hank@alcivilrights.com

Tish G. Faulks
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone: (334) 420-1741
Facsimile: (334) 269-5666

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court this 9th day of August, 2023.

| | |
|---|---|
| Shandra N. Monterastelli<br>William Van Der Pol, Jr.<br>Larry G. Canada<br>Lonnie J. Williams<br>Alabama Disabilities Advocacy Program<br>2008 12th Street<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>smonterastelli@adap.ua.edu<br>wvanderpoljr@adap.ua.edu<br>lcanada@adap.ua.edu<br>lwilliams@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Jacob A. Dubin<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabama.gov<br>Jacob.Dubin@mh.alabama.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |

Shandra N. Monterastelli

Shandra N. Monterastelli (ASB-1016-N00Q)
*Counsel for Plaintiffs*