UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,<br><br>Defendant. | CASE NO. 2:16-cv-00798-MHT-CSC<br><br>CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

**PLAINTIFFS' FILING OF SUPPLEMENTAL DATA REFLECTING COMPLIANCE WITH CONSENT DECREE**

The named Plaintiffs as class representatives and the Alabama Disabilities Advocacy Program submit this report reflecting the most recent status of compliance with the Consent Decree entered in this action on January 25, 2018. *See* Consent Decree, ECF No. 94. This report encompasses all new data that Defendant has provided to Plaintiffs since the last supplemental data filings on August 9, 2023. *See* Plaintiffs' Filing of Supplemental Data Reflecting Compliance with Consent Decree (Aug. 9, 2023), ECF No. 268.

All compliance measures referenced below, other than those pertinent to requests for treatment under the Emergency Treatment Protocol (ETP), must adhere to a timeframe of 34 days or less for completion of the relevant service. Thus, where evaluations are ordered, they must be completed within 34 days of Defendant's receipt of the order directing same. The reports on those evaluations must be submitted to the relevant circuit court within another 34 days (for a total of 68 days from the entry of the order to when the report on the evaluation must be submitted). Where a class member is ordered to be admitted to Taylor Hardin, Hill Crest, Bryce, or the Norman-McClendon Facility for Competency Restoration Treatment, that individual must be admitted to the facility within 34 days following Defendant's receipt of the order directing same. For identification and treatment of class members under the ETP, the following timeframes are in place:

1. ADMH officials must provide notice to the Monitor of request for evaluation for emergency treatment within 48 hours of receiving same;
2. ADMH officials must ascertain whether the person referred for an evaluation for emergency treatment is a class member, and if the individual is a class member, arrange for a clinical professional to visit the class member to conduct an assessment of the class member's need for emergency treatment within 4 business days of the ADMH Designee's receipt of the notice of the class member's need for emergency treatment;
3. ADMH officials must arrange for the provision of emergency treatment to class members who, following an emergency evaluation for treatment, are deemed by a clinical professional to need early admission into a facility for purposes of receiving a court-ordered inpatient mental evaluation or competency restoration treatment within 7 days of the clinical professional's in-person visit;

4. ADMH officials must advise the Monitor of the clinical professional's determination regarding the class member's need for emergency treatment within 48 hours of the professional's in-person visit with the class member;
5. ADMH officials must advise the Monitor of any refusal by county jail officials to ADMH officials seeking access to a person referred for an evaluation for emergency treatment within 24 hours; and
6. ADMH officials must forward notice of an incarcerated criminal defendant believed to be suicidal to the Monitor within 24 hours.

## I. Identification and Treatment of Class Members Under the Emergency Treatment Protocol

The data provided to Plaintiffs indicates that one class member was referred for emergency treatment under the Emergency Treatment Protocol during the period since the August 9, 2023 supplemental data filing. That individual was referred on August 30, 2023, and ADMH scheduled an evaluation with the local CMHC that same day, although it is not clear from the data provided to Plaintiffs what day the evaluation actually took place. On September 5, 2023, Defendant's counsel notified Plaintiffs' counsel that the individual had been approved for emergency admission. Later data provided to Plaintiffs reflects that the individual was admitted to Taylor Hardin on September 7, 2023.

Inpatient data provided to Plaintiffs reflected that more individuals were referred for emergency treatment under the ETP than Defendant had initially reported during the monitoring period. Defendant's counsel proactively reached out to Plaintiffs' counsel to discuss the reporting discrepancy when it was discovered. Plaintiffs are satisfied that the discrepancy is the result of a simple miscommunication between Department staff and are not concerned that the reporting issues will persist.

## II. Outpatient Mental Evaluations

The number of Outpatient Mental Evaluations performed remained mostly consistent during the period since the August 9, 2023 supplemental data filing, with 33, 44, 34, 34, 33, and 35 evaluations conducted in each month respectively. In total, Defendant conducted a total of 213 evaluations during the period since the last supplemental data filing. Wait times for Outpatient Mental Evaluations were low when accounting for "skips and jumps," for the following average wait times:

- 23.2 days in August 2023;
- 24.8 days in September 2023;
- 25.1 days in October 2023;
- 31.3 days in November 2023;
- 19.4 days in December 2023; and
- 29.8 days in January 2024.

When calculated in date-of-receipt order, wait times for provision of Outpatient Mental Evaluations fluctuated to an extent, for the following average wait times:

- 34.8 days in August 2023;
- 33.6 days in September 2023;
- 43.4 days in October 2023;
- 56.1 days in November 2023;
- 54.6 days in December 2023; and
- 39.5 days in January 2024.

Average wait times for competency services have historically tended to increase around the winter holidays. *See e.g.*, ECF No. 238 at 6-7 (wait times rose to averages of 125 days and 81.3

days in December 2020 and January 2021, but had decreased to an average of 42 days by February 2021; wait times rose to an average of 38.3 days in December 2022); ECF No. 257 at 6 (wait times back down to an average of 22 days by January 2023).

The parties have agreed that out-of-order service provision can be counted toward compliance where Defendant provides substantive, understandable narrative reasons for why class members were skipped. In general, Defendant has continued to put forth a good-faith effort to provide the required narratives:

- In August 2023, Defendant provided narrative reasons for 11 of 14 (~78%) of individuals who either did not receive Outpatient Mental Evaluations or who had waited more than 34 days to receive theirs as of the date of receipt.
- In September 2023, Defendant provided narrative reasons for 13 of 17 (~76%) of individuals who either did not receive Outpatient Mental Evaluations or who had waited more than 34 days to receive theirs as of the date of receipt.
- In October 2023, Defendant provided narrative reasons for 12 of 22 (~55%) of individuals who either did not receive Outpatient Mental Evaluations or who had waited more than 34 days to receive theirs as of the date of receipt.
- In November 2023, Defendant provided narrative reasons for six of 24 (25%) individuals who either did not receive Outpatient Mental Evaluations or who had waited more than 34 days to receive theirs as of the date of receipt.
- In December 2023, Defendant provided narrative reasons for 13 of 20 (65%) individuals who either did not receive Outpatient Mental Evaluations or who had waited more than 34 days to receive theirs as of the date of receipt.

- In January 2024, Defendant provided narrative reasons for 10 of 16 (62.5%) individuals who either did not receive Outpatient Mental Evaluations or who had waited more than 34 days to receive theirs as of the date of receipt.

Although the average wait time for Outpatient Mental Evaluations in date-of-receipt order has continued to exceed 34 days in most months, Defendant has continued her good-faith effort to provide clear, substantive narratives to explain most of the skips or delays in service provision. The only month where Defendant did not reliably provide the required narratives was November 2023. Based on the foregoing, Plaintiffs' position is that the totality of the circumstances does not warrant a finding of noncompliance with regard to the *provision* of Outpatient Mental Evaluations that would effectively penalize the Department.

As in previous reports, compliance was calculated based on the provision and submission of Outpatient Mental Evaluations in the date-of-receipt order specified by the Consent Decree, in addition to calculating compliance based on the total provision and submission of Outpatient Mental Evaluations as a whole. For individuals who were skipped and did not receive an Outpatient Mental Evaluation during the month in question, Plaintiffs used for compliance calculations the number of days that individual had been waiting for the provision of their Outpatient Mental Evaluation at the time that the waitlist for that month was finalized.

**Provision of Outpatient Mental Evaluations**

| Performance Period | Total Days Between Date Order Received and Date of Evaluation | Total Number of Evaluations | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 8/1-31/2023 | 765 | 33 | 23.2 days | 34 days | Compliant |
| 9/1-30/2023 | 1,091 | 44 | 24.8 days | 34 days | Compliant |
| 10/1-31/2023 | 854 | 34 | 25.1 days | 34 days | Compliant |
| 11/1-30/2023 | 1,064 | 34 | 31.3 days | 34 days | Noncompliant |
| 12/1-31/2023 | 640 | 33 | 19.4 days | 34 days | Compliant |
| 1/1-31/2024 | 1,041 | 35 | 29.8 days | 34 days | Compliant |

**Provision of Outpatient Mental Evaluations in Date-of-Receipt Order**

| Performance Period | Total Days Between Date Order Received and Date of Evaluation | Total Number of Evaluations | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 8/1-31/2023 | 1,146 | 33 | 34.8 days | 34 days | Compliant |
| 9/1-30/2023 | 1,479 | 44 | 33.6 days | 34 days | Compliant |
| 10/1-31/2023 | 1,477 | 34 | 43.4 days | 34 days | Compliant |
| 11/1-30/2023 | 1,906 | 34 | 56.1 days | 34 days | Noncompliant |
| 12/1-31/2023 | 1,802 | 33 | 54.6 days | 34 days | Compliant |
| 1/1-31/2024 | 1,384 | 35 | 39.5 days | 34 days | Compliant |

The average time periods for submission of reports on Outpatient Mental Evaluations exceeded the Substantial Compliance threshold in every month since the last supplemental data filing in this matter, with the exception of December 2023. Although average wait times for submission of reports on Outpatient Mental Evaluations have not historically been an issue since this litigation entered monitoring, Plaintiffs are concerned by this new development. While timeframes for the *provision* of Outpatient Mental Evaluations have generally posed a much more significant barrier to remediating the conditions that gave rise to this litigation in the first place, the *submission* of the reports on those evaluations is an equally crucial component of ensuring the

timely delivery of competency services. It is unclear at this time what is causing the delays in submitting the reports.

**Submission of Reports on Outpatient Mental Evaluations to Courts**

| Performance Period | Total Days Between Date of Evaluation and Submission to Court | Total Number of Submissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 8/1-31/2023 | 1,044 | 27 | 38.7 days | 34 days | Noncompliant |
| 9/1-30/2023 | 1,830 | 45 | 40.7 days | 34 days | Noncompliant |
| 10/1-31/2023 | 1,136 | 31 | 36.7 days | 34 days | Noncompliant |
| 11/1-30/2023 | 2,171 | 51 | 42.6 days | 34 days | Noncompliant |
| 12/1-31/2023 | 1,446 | 44 | 32.9 days | 34 days | Compliant |
| 1/1-31/2024 | 2,001 | 54 | 60.8 days | 34 days | Noncompliant |

## III. Inpatient Mental Evaluations

The data provided by Defendant indicates that only one class member received an Inpatient Mental Evaluation during the period since the August 9, 2023 supplemental data filing. While that individual's wait time significantly exceeded the Substantial Compliance threshold of 34 days, Plaintiffs remain encouraged by what appears to be an improvement in the efficiency with which the Department manages its operational capacity (i.e., focusing resources on completing evaluations on an outpatient basis wherever possible). The data provided to Plaintiffs indicates that this individual had his evaluation on October 20, 2023, but that the report on his evaluation was submitted to the relevant court on February 1, 2023. It is therefore not possible to calculate how long it took for the report on this individual's evaluation to be submitted to the court.

**Provision of Inpatient Mental Evaluations (Taylor Hardin)**

| Performance Period | Total Days Between Date Order Received and Date of Evaluation | Total Number of Evaluations | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 10/1-31/2023 | 586 | 1 | 586 days | 34 days | Noncompliant |

## IV. Competency Restoration Treatment

For males, wait times for facility admission to begin receiving Competency Restoration Treatment (CRT) remain consistently in excess of 300 days. However, it is clear that Defendant continues to make efforts to admit class members to facilities in order for CRT. Wait times for females to be admitted to Bryce for CRT have generally decreased, although outliers in October 2023 and January 2024 inflated the averages to an extent.

**Taylor Hardin Secure Medical Facility**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 8/1-31/2023 | 1,414 | 4 | 353.5 days | 34 days | Noncompliant |
| 9/1-30/2023 | 855 | 4 | 213.8 days | 34 days | Noncompliant |
| 10/1-31/2023 | 1,706 | 3 | 568.7 days | 34 days | Noncompliant |
| 11/1-30/2023 | 2,947 | 6 | 491.1 days | 34 days | Noncompliant |
| 12/1-31/2023 | 1,893 | 3 | 613 days | 34 days | Noncompliant |
| 1/1-31/2024 | 3,146 | 5 | 629.2 days | 34 days | Noncompliant |

**Hill Crest Hospital**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 8/1-31/2023 | 662 | 2 | 331 days | 34 days | Noncompliant |
| 9/1-30/2023 | 992 | 2 | 496 days | 34 days | Noncompliant |
| 10/1-31/2023 | 644 | 2 | 322 days | 34 days | Noncompliant |

| | | | | | |
|---|---|---|---|---|---|
| 11/1-30/2023 | 815 | 2 | 407.5 days | 34 days | Noncompliant |
| 12/1-31/2023 | 1,589 | 3 | 529.7 days | 34 days | Noncompliant |
| 1/1-31/2024 | 2,048 | 4 | 512 days | 34 days | Noncompliant |

**Norman-McClendon Facility (South Central Mental Health Center)**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 8/1-31/2023 | N/A | 0 | N/A | 34 days | N/A |
| 9/1-30/2023 | N/A | 0 | N/A | 34 days | N/A |
| 10/1-31/2023 | N/A | 0 | N/A | 34 days | N/A |
| 11/1-30/2023 | N/A | 0 | N/A | 34 days | N/A |
| 12/1-31/2023 | 846 | 1 | 846 days | 34 days | Noncompliant |
| 1/1-31/2024 | 1,316 | 3 | 438.7 days | 34 days | Noncompliant |

**Bryce Hospital**

| Performance Period | Total Days Between Date Order Received and Date of Admission | Total Number of Admissions | Average Time Period | Substantial Compliance Timeframe | Status |
|---|---|---|---|---|---|
| 8/1-31/2023 | 86 | 3 | 28.7 days | 34 days | Compliant |
| 9/1-30/2023 | 89 | 4 | 22.3 days | 34 days | Compliant |
| 10/1-31/2023 | 728 | 5 | 145.6 days | 34 days | Noncompliant |
| 11/1-30/2023 | 49 | 3 | 16.3 days | 34 days | Compliant |
| 12/1-31/2023 | 33 | 2 | 16.5 days | 34 days | Compliant |
| 1/1-31/2024 | 742 | 2 | 371 days | 34 days | Noncompliant |

## V. Hospital Forensic Beds

On January 18, 2023, the ADMH Commissioner was determined to have achieved full compliance with measures relating to Hospital Forensic Beds, and that portion of monitoring was terminated. *See* ECF No. 245.

## VI. Community Forensic Beds

On January 18, 2023, the ADMH Commissioner was determined to have achieved full compliance with measures relating to Community Forensic Beds, and that portion of monitoring was terminated. *See* ECF No. 245.

Dated: February 20, 2024

Respectfully submitted,


/s/Shandra N. Monterastelli
Shandra N. Monterastelli (ASB-1016-N00Q)
William Van Der Pol, Jr. (ASB-2112-114F)
Larry G. Canada (ASB-3153-N73L)
Lonnie J. Williams (ASB-2866-I35W)
ALABAMA DISABILITIES ADVOCACY PROGRAM
500 Martha Parham West
Box 870395
Tuscaloosa, AL 35487-0395
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
Email: smonterastelli@adap.ua.edu
wvanderpoljr@adap.ua.edu
lcanada@adap.ua.edu
lwilliams@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee and Plaintiff Alabama Disabilities Advocacy Program*

Henry F. (Hank) Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
Telephone: (256) 764-4141
Facsimile: (877) 864-0802
Email: hank@alcivilrights.com

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr., Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court this 20th day of February, 2024.

| | |
|---|---|
| Shandra N. Monterastelli<br>William Van Der Pol, Jr.<br>Larry G. Canada<br>Lonnie J. Williams<br>Alabama Disabilities Advocacy Program<br>2008 12th Street<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>smonterastelli@adap.ua.edu<br>wvanderpoljr@adap.ua.edu<br>lcanada@adap.ua.edu<br>lwilliams@adap.ua.edu | Thomas B. Klinner<br>Edward C. Hixon<br>Ashley L. Nichols<br>Nancy S. Jones<br>Jacob A. Dubin<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>Tommy.Klinner@mh.alabama.gov<br>Eddie.Hixon@mh.alabama.gov<br>Ashley.Nichols@mh.alabama.gov<br>Nancy.Jones@mh.alabama.gov<br>Jacob.Dubin@mh.alabama.gov |
| Henry F. (Hank) Sherrod III<br>Henry F. Sherrod III, P.C.<br>119 South Court Street<br>Florence, AL 35630<br>hank@alcivilrights.com | |

Shandra N. Monterastelli

Shandra N. Monterastelli (ASB-1016-N00Q)
*Counsel for Plaintiffs*