IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DEMONTRAY HUNTER et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> KIMBERLY G. BOSWELL, ) <br> in her official capacity ) <br> as Commissioner of the ) <br> Alabama Department of ) <br> Mental Health, ) <br> ) <br>     Defendant. ) | CIVIL ACTION NO. <br> 2:16cv798-MHT <br> (WO) |

ORDER ON ISSUES REFERRED TO MEDIATION

A routine status conference was held in this class-action lawsuit on February 17, 2026. The remaining issue before the court is the part of the consent decree addressing the wait time for competency-restoration treatments. At the conference, the court and the parties discussed the status of mediation, which the court had ordered so the parties could address the following two issues: "(a) identification and examination of existing barriers to ultimate compliance and (b) whether to grant plaintiffs' request for additional reporting

requirements." Order Submitting Issues for Mediation (Doc. 300) at 3.

At mediation, defendant, who serves as the Commissioner of the Alabama Department of Mental Health (ADMH), proposed a plan for reducing wait times that included the following steps:

- Finish implementing the Taylor Harding expansion by the end of this calendar year (2026) by opening 12 new beds at the facility each month and scaling up staffing accordingly.
- Increase admission and discharge rates at Taylor Harding by (1) streamlining the process for referring patients for conditional release; (2) moving the risk assessment component from the discharge planning phase to the intake phase; (3) hiring a second discharge coordinator; (4) contracting directly with certified forensic examiners; and (5) hiring four forensic navigators.

- Increase pay rates for certified forensic examiners and conduct a salary study to try to increase pay rates for psychologists.

- Open a new 16-bed forensic group home.

- Introduce two bills in the Alabama State Legislature aimed at creating "long-term solutions for lengthy confinement of certain patients in ADMH." Joint Status Report (Doc. 307) at 5. One bill would create a mechanism for directly appealing the denial of a petition for release. The other bill would cap how long Alabama may confine a person who is deemed unrestorable or adjudicated not guilty by reason of mental disease or defect to either the maximum term of imprisonment associated with the underlying charge, or to 20 years.

ADMH has already begun working on some of these initiatives. For example, the department appropriated the funds to hire additional staff at Taylor Harding and

3

to construct the new forensic group home.  It also created job postings for the forensic navigator positions and increased pay for certified forensic examiners.  Finally, ADMH has obtained sponsors for both proposed laws, and the sponsors have introduced bills in both houses of the state legislature.

The plaintiffs voiced some issues with defendant's proposed plan.  They are primarily concerned that it will not be sufficient to address still-climbing wait times for people who need competency-restoration treatment.  Accordingly, the plaintiffs requested that the court hold an interim status conference halfway between this status conference and the next one, which is currently scheduled six months from now on August 14, 2026.

At this time, the court declines to set an interim status conference.  Three months will likely not be enough time to gauge the efficacy of ADMH's efforts.  However, three months is enough time to see whether either of the proposed bills pass.

Accordingly, it is ORDERED that:

4

(1) In light of ADMH's efforts and the parties' engagement with the mediation process, the court will not take any further action at this time on the two matters that were referred to mediation in the court's August 22, 2025, order ((a) identification and examination of existing barriers to ultimate compliance and (b) whether to grant plaintiffs' request for additional reporting requirements).  *See* Order (Doc. 300) at 3.  Three business days before the next regular status conference currently scheduled for August 14, 2026, the parties shall file a joint status report discussing where these two matters stand, and what action, if any, they think the court should take.

(2) Within ten business days of the conclusion of the 2026 legislative session, defendant shall file a status report informing the court of the status of the bills proposed by ADMH, including whether they passed, and if not, how far they progressed through the legislative process.

(3) The plaintiffs' request for an interim status conference is denied, but they have leave to renew their request once the 2026 legislative session has concluded and they have received defendant's status report on the bills.

DONE, this the 19th day of February, 2026.

                                              /s/ Myron H. Thompson
                                        UNITED STATES DISTRICT JUDGE