UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEMONTRAY HUNTER, by and through his next friend, Rena Hunter; RUSSELL D. SENN, by and through his next friend, Irene Senn; TRAVIS S. PARKS, by and through his next friend, Catherine Young; VANDARIUS S. DARNELL, by and through his next friend, Bambi Darnell; FRANK WHITE, JR., by and through his next friend, Linda White; MARCUS JACKSON, by and through his next friend Michael P. Hanle; TIMOTHY D. MOUNT, by and through his next friend, Dorothy Sullivan; HENRY P. MCGHEE, by and through his next friend, Barbara Hardy, individually and on behalf of all others similarly situated; and the ALABAMA DISABILITIES ADVOCACY PROGRAM,

Plaintiffs,

v.

KIMBERLY G. BOSWELL, in her official capacity as Commissioner of the Alabama Department of Mental Health,

Defendant.

CASE NO. 2:16-cv-00798-MHT-CSC

CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

# JOINT STATUS REPORT

The named Plaintiffs as class representatives, the Alabama Disabilities Advocacy Program, and Kimberly G. Boswell, Commissioner of the Alabama Department of Mental Health ("ADMH"), jointly submit this report on the status of compliance with the Consent Decree entered in this action on January 25, 2018 (*See* Order Directing Status Report, ECF No. 95; Consent Decree, ECF No. 94).

1. The last status conference in this matter occurred on February 17, 2026.
2. During the status conference, ADMH provided this Honorable Court with the results of the parties' mediation with Magistrate Judge John Ott, which included a plan to significantly reduce the inpatient waiting list over the next 12 to 18 months.
3. As the Court may recall, the plan contained approximately nine points, which were previously provided to the Court during the last status conference.
4. For the convenience of the Court, each of the items previously provided are listed below along with the progress and current status of each:
    a. **Implement Taylor Hardin expansion to 225 beds by the end of 2026.**

    Taylor Hardin Secure Medical Facility (THSMF) completed the construction phase of its expansion to increase capacity from 140 to

225 beds. An estimated 12 additional beds were placed into service each month along with additional direct care staff. Since the last status in this matter, Taylor Hardin's census grew from 161 patients to currently 200 patients. On average, THSMF maintains a daily census of 200 patients. Unfortunately, during the construction phase, ADMH learned that major repairs to plumbing systems were necessary.

To address the repairs, Commissioner Boswell secured additional funding to ensure that the aging plumbing system could be properly repaired. As such, one unit, consisting of 25 beds, will not be accessible to patients while the plumbing systems are replaced. These necessary repairs will likely be complete during the Fall allowing ADMH to achieve full census at THSMF by December 1, 2026. As such, ADMH will achieve full census of 225 patients by the start of 2027.

b. **Implement Taylor Hardin staffing as additional beds open.**

ADMH allocated resources to add staff as additional beds open, and the facility eventually increases from 140 to 225 patients by the end of 2026. At present, staffing levels are sufficient for THSMF to safely and appropriately maintain a census of 200 patients. During

September 2026, THSMF maintained 217 employees. By February 2026, ADMH had 240 full time employees and at present, there are 246 full time employees. THSMF has additional positions posted and engages in ongoing recruitment efforts to continue to increase the number of employees working within the facility.

c. **Increase the admission and discharge rates at Taylor Hardin through revised policies and efficiency.**

ADMH implemented various practices to more efficiently document and process referrals for conditional release where appropriate. In addition, the hospital is moving the risk assessment component from the discharge planning phase to the admission/intake phase, allowing for treatment plans to address criminogenic needs and risk factors beginning at the time of admission and throughout the patient's stay. Training and staffing capacities now allow for 100% of new admissions since December to receive their initial risk assessment upon admission and approximately 86% of total patients have completed risk assessments.

In addition to modifying procedures to increase efficiency with patient discharges, in August 2026 Taylor Hardin hired a full-time

discharge coordinator to more closely manage the discharge process. The Department also funded, and is working to fill, a second discharge planning coordinator position. Also, a third discharge planning supervisor will be brought on board in August 2026 to ensure that staffing resources are sufficient to manage the discharge process.

To further increase efficiency, THSMF is restructuring its hiring of inpatient Certified Forensic Examiners (CFEs). ADMH will now contract with CFEs directly and the CFEs will be under the direct supervision of ADMH clinical staff. ADMH anticipates higher efficiency to the inpatient evaluation process and faster patient turnaround as a result of this change.

d. **Hire four statewide Forensic Navigators to pursue diversion from the inpatient waiting list.**

As this Honorable Court may recall, other states use Forensic Navigators to reduce inpatient forensic waiting lists. The purpose of Forensic Navigators is to identify persons on the waiting list who are appropriate for diversion from the inpatient waiting list due to factors that would make them unlikely to be restored to competency, such as intellectual or developmental disability, traumatic brain

injury, dementia, Alzheimer's, advanced age, chronic or complex medical illness, etc., and link them with the appropriate services outside of forensic inpatient treatment or refer them for outpatient competency restoration.

ADMH hired its first of four Forensic Navigators to work full-time in different parts of the state on or about May 16, 2026. This Navigator serves Mental Health Region 3. Additionally, the Forensic Navigator who will cover Mental Health Region 1 will start on or about August 17, 2026. ADMH is interviewing for the remaining two Navigator positions. All parties in this case recognize that there are persons on the waiting list that would be better served elsewhere and should be identified and diverted appropriately.

The Region 3 Forensic Navigator has already worked with sixty-nine individuals in some capacity since beginning with the Department in May. Over the course of three months, the Navigator program has enabled ADMH to divert/remove eight individuals from the respective region from the inpatient waitlist. The Region 3 Forensic Navigator program will officially launch on 8/27 as ADMH is holding a conference to announce the program to

stakeholders and to educate the community on how to access navigator services.

e. **Increased compensation for Psychologists working within the State Hospitals (Bryce and THSMF).**

ADMH previously confirmed to this Honorable Court that it recognized the rate of pay for Psychology staff at Taylor Hardin trailed that of neighboring states, hindering the ability to recruit and retain qualified Psychologists. As such, ADMH conducted a salary study to determine whether and how the Department could increase the compensation for Psychology staff to better compete with neighboring states. As a result of the foregoing, effective April 16, 2026, the Department was able to secure an approximate 25% increase in the starting salary for each range changed. The increases are reflected in the table provided below:

| ***Job Code*** | ***Current Classification*** | ***Prior Grade*** | ***4/16/2026 Grade*** |
|---|---|---|---|
| *P4000* | *Psychologist I* | *82* | *No Change* |
| *P5000* | *Psychologist II*[1] | *83 ($74,296.80)* | *86 ($93,096.00)* |
| *P6000* | *Psychologist III*[2] | *84 ($80,121.60)* | *87 ($100,168.80)* |
| *P6500* | *Psychologist IV*[3] | *87 ($100,168.80)* | *90 ($125,304.00)* |

[1] The salary range increases from ($74,296.80-$125,304.00) to ($93,096.00-$156,499.20).
[2] The salary range increases from ($80,121.60-$134,824.80) to ($100,168.80-$168,468.00).
[3] The salary range increases from ($100,168.80-$168,468.00) to ($125,304.00-$210,739.20).

Since introducing the above-noted increases, ADMH has seen an increase in the number of applicants for State Psychology positions. Review of the increased number of applicants is currently underway.

f. **Restructuring of the Certified Forensic Examiner (CFE) Program**

Rule 11 requires that forensic examinations be completed by a Psychologist or Psychiatrist. ADMH maintains a certification program for quality assurance purposes and to ensure that forensic examinations for patients within an inpatient program are conducted by sufficiently qualified staff. ADMH has restructured its hiring of inpatient Certified Forensic Examiners (CFEs). ADMH's Office of Forensic Mental Health Services now contracts with five CFEs directly, with this number expected to increase. Additionally, these CFEs work under the direct supervision of ADMH clinical staff. ADMH anticipates this will result in higher efficiency to the inpatient evaluation process and faster patient turnaround.

Similarly, ADMH recognizes that the rate of pay for CFEs in Alabama was behind that of neighboring states, hindering the ability to recruit and retain qualified CFEs. To address this gap, the Department increased the rate or reimbursement from $900 to $1500.00 per evaluation.

g. **Open an additional 16 bed forensic group home.**

ADMH added significant forensic group home capacity pursuant to the Consent Decree in this case. However, the demand for group home beds continues to grow. Lack of forensic group home beds directly affects the ADMH's ability to discharge patients from Taylor Hardin. To combat this, Northwest Alabama Mental Health Center agreed to build and operate an additional 16 bed forensic group home for ADMH forensic patients. As the Court may recall, ADMH has already allocated the resources to fund this project. This will increase community capacity and our ability to timely discharge patients from Taylor Hardin.

h. **Continued expansion of outpatient restoration.**

The outpatient competency restoration program continues to grow as Circuit Court Judges become aware of the program and order additional defendants for restoration. ADMH hired an additional staff person who works full-time delivering competency restoration to defendants and who assists with managing the program. Currently, ADMH serves approximately 30 defendants at a time, delivering restoration on an individual and group basis to people who are in jail or who are in the community. Over a four-

month period (March through July 2026), eighteen defendants completed the program. During that same time frame, four individuals were removed from the inpatient waitlist as a result of their participation in the program. As a result of the program, there is an increase in the number of defendants able to remain on bond while receiving restoration services. ADMH continues to collect data which will help it to monitor program efficacy and success going forward.

Additionally, to further the use of these programs the Department is working with the State's 41 Judicial Circuits to present these programs to judges across the State to ensure they are aware of them and to make Department attorneys and staff available for questions judges may have regarding the same. The Department finds these small group sessions to be productive and lend to candid questions from judges about the programs and forensic mental health issues their Circuits face.

Moreover, the Department works with the Administrative Office of Courts to secure continuing legal education credit hours for judges how attend the Department's presentations to help ensure participation from all judges in each circuit. To date, the Department

has presented to the following State Judicial Circuits: 13th (Mobile), 15th (Montgomery), 19th (Chilton-Autauga-Elmore), 36th (Lawrence), 39th (Limestone), 8th (Morgan), 32nd (Cullman), 38th (Jackson), 27th (Marshall), 9th (Cherokee-Dekalb). The Department has also scheduled the following Circuits for August: 10th (Jefferson), 18th (Shelby), 31st (Colbert), and 34th (Franklin). The Department's goal is to cover all Judicial Circuits by October 2026.

In addition to the foregoing, the Department agreed to make Dr. Virginia Adams available to work with the Alabama Administrative Office of Courts through its Judicial Mental Health Task Force. To further those efforts and ensure the task force is aware of the work being done, the Department invited the Honorable S. Wesley Pipes, Presiding Judge for the 13th Judicial Circuit and the Honorable Stephen C. Wallace, Circuit Judge for the 10th Judicial Circuit from this task force as guests to address this Court on the work and goals of the Task Force.

i. **Legislation to address long-term solutions for lengthy confinement of certain patients in ADMH.**

ADMH drafted proposed legislation to address two ongoing concerns with long-term ADMH forensic patients. First, Alabama

law does not have a time limit for confinement of defendants opined unrestorable to competency or adjudicated not guilty by reason of mental disease or defect. Therefore, defendants may be confined in Taylor Hardin longer than they would have served on the underlying criminal charge if the Circuit Judge denies release. The net result is that some patients stay at Taylor Hardin long-term because there is no legal mechanism to compel Alabama courts to release them, despite the fact that they may have been arrested on a less serious charge or have attained psychiatric stability. ADMH's proposed legislation sought to limit confinement to the maximum of the sentence allowed for the crime charged, or a maximum of 20 years.

Second, patients found unrestorable or not guilty by reason of mental disease or defect do not have the right of direct appeal if a Circuit Court denies release. This is an existing flaw in Alabama's Rules of Criminal Procedure. ADMH's only recourse is a petition for Writ of Mandamus to the appellate court. A mandamus petition is entirely discretionary with the appellate court and does not require a ruling on the merits. ADMH believes providing a right to appeal for both the Department and defendants from orders denying the release of, as would be argued by the Department, psychiatrically

> stable defendants who do not pose a real and present threat of substantial harm to themselves or to others from the Department's custody would assist in the Departments ability to further reduce its waiting list by removing stable individuals with long confinements. The status of the aforementioned legislation was previously reported to this Honorable Court and, for the convenience of the Court, has been attached hereto. (Exhibit 1)

**PLAINTIFF’S RESPONSE**

Plaintiffs applaud the efforts by Defendant to resolve the backlog of individuals who need competency restoration pursuant to this Court’s order. However, with a current backlog of 237 males waiting for restoration treatment in either Taylor Hardin Secure Medical Facility (THSMF) or one of the other projects instituted by Defendant and a current backlog of 56 women waiting treatment in Bryce, it seems that it will take years, to catch up with that backlog to be in compliance. With the expansion of capacity at THSMF from 140 beds to 225 beds, that increase of 85 beds would still leave 152 individuals needing restoration treatment. This presumes that the beds all come on line with staffing properly trained and ready by the anticipated target date of early 2027. This also assumes that additional individuals are not referred to ADMH in the intervening time. For some context, there are 115 males who were placed on the list for restoration prior to

August 1, 2016. The shortest wait time for those individuals is 371 days with the longest wait time for a mail sitting in jail, waiting for treatment, is 897 days (over 2.5 years). For the women, the numbers are only slightly better in that 19 women were placed on the list for restoration treatment prior to August 1, 2026 with the shortest of those being 386 days and the longest being 664 days (almost two years).

Plaintiffs are hopeful that efforts to revise Alabama law as outlined by ADMH will have more positive results in the next session. Without a revision of the law, many individuals are incarcerated, without bail, without treatment, and without hope, for years. Plaintiffs are also hopeful that the new positions created to assist ADMH will have a positive, significant impact on the wait times. However, it is Plaintiffs' belief that it will take years after the additional beds are available and staffed for the wait times restoration treatment to be in compliance

Thus, even with the current efforts by ADMH to reduce the wait time for treatment, they remain far out of compliance by any measurable metric to meet the terms of the Consent Decree now, or in the relative future without a significant change in the way that the system currently operates. It is our recommendation that additional efforts be made to: 1) seek legislation changes as outlined by ADMH above; 2) increase ADMH's ability to divert individuals to programs that would allow treatment while on bail; 3) increase contract beds for treatment from

competent third parties; and 4) finish the renovations and repairs to THSMF and fully staff same.

Respectfully submitted,

/s/ Larry G. Canada
Larry G. Canada (ASB-3153-N73L)
Lonnie J. Williams (ASB-2866-I35W)
2008 12th Street
Box 870395
Tuscaloosa, AL 35487-0395
Telephone: (205) 348-4928
Facsimile: (205) 348-3909
Email: lcanada@adap.ua.edu
lwilliams@adap.ua.edu

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr.,*
*Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*
*and Plaintiff Alabama Disabilities Advocacy Program*

ACLU OF ALABAMA FOUNDATION
P.O. Box 6179
Montgomery, AL 36106-0179
Telephone: (334) 420-1741
Facsimile: (334) 269-5666
Email: rmarshall@aclualabama.org

*Attorneys for Plaintiffs Demontray Hunter, Russell D. Senn, and Travis S. Parks, Vandarius S. Darnell, Frank White, Jr.,*

*Marcus Jackson, Timothy D. Mount, and Henry P. McGhee*

/s/ Nicholas S. Hines
Nicholas S. Hines (ASB-4575-C53H)
Jacob A. Dubin (ASB-2874-J72D)
Edward C. Hixon (ASB-5964-H65E)
Ashley L. Nichols (ASB-8291-E36N)
ALABAMA DEPARTMENT OF MENTAL HEALTH
RSA Union Building
100 North Union Street
Montgomery, Alabama 36104
Email: nick.hines@mh.alabama.gov
jacob.dubin@mh.alabama.gov
eddie.hixon@mh.alabama.gov
ashley.nichols@mh.alabama.gov

*Attorneys for Defendant Kimberly G. Boswell*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on the counsel of record listed below by filing same with the Clerk of Court via the CM/ECF system this 11th day of August 2026.

| | |
|---|---|
| Larry Canada<br>Lonnie Williams<br>Alabama Disabilities Advocacy Program<br>500 Martha Parham West<br>Box 870395<br>Tuscaloosa, AL 35487-0395<br>lwilliams@adap.ua.edu<br>lcanada@adap.ua.edu | Nicholas S. Hines<br>Jacob A. Dubin<br>Edward C. Hixon<br>Ashley L. Nichols<br>Alabama Department of Mental Health<br>RSA Union Building<br>100 North Union Street<br>Montgomery, Alabama 36104<br>nick.hines@mh.alabama.gov<br>jacob.dubin@mh.alabama.gov<br>eddie.hixon@mh.alabama.gov<br>ashley.nichols@mh.alabama.gov |
| ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179 | |

/s/ Nicholas S. Hines
Nicholas S. Hines
Counsel for Defendant