**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| DEMONTRAY HUNTER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16cv798-MHT |
| | ) | (WO) |
| KIMBERLY G. BOSWELL, | ) | |
| in her official capacity | ) | |
| as Commissioner of the | ) | |
| Alabama Department of | ) | |
| Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |

**UPDATED ORDER ON JOINT SUPPLEMENTAL REPORTS**

Following the status conference held on February 17, 2026, in this class-action lawsuit, the court ordered the plaintiffs to continue filing supplemental data reports every six months, to be submitted three business days before each scheduled status conference. *See* Order (Doc. 310). The court previously noted that it was not receiving the supplemental data as required in the court's amended order on partial extension of the consent decree. *See* Order (Doc. 301) and Joint Report (Doc. 295).

At the October 9, 2026, status conference, the court took up the issue of ADMH's nine-point plan to "significantly reduce the inpatient waiting list," as detailed in the August and October 2026 Joint Status Reports. *See* (Doc. 319 & Doc. 322). The court added two other supplemental items for the parties to address: (1) joint review and revision of the methodology for analyzing and reporting relevant data, and (2) addressing the patients who are awaiting admission from Alabama Department of Corrections (ADOC) custody.* Accordingly it is ORDERED as follows.

(1) With regard to the review and revision of reporting methodology, the parties shall:

(a) Review the methodology used to calculate the data included in each supplemental report for the monitoring periods between February 1, 2025, and July

* The court also inquired about the efficacy of jail-based competency restoration, which falls under the plan's existing heading of "continued expansion of outpatient restoration." While the court understands that sufficient data about judicial confirmation of jail-based restoration are not currently available, this question may merit further discussion in the future.

31, 2026, and identify any changes, discrepancies, or inconsistencies in reporting;

(b) Develop a preferred methodology for reporting all relevant data, disaggregated by gender and facility, to include admissions, average days waited prior to admission, and total number of people waiting, in addition to any other data the parties agree are necessary to accurately assess progress toward meeting the 30-day limit on waits for competency-restoration treatment;

(c) Submit to the court three days before the next status conference a joint supplemental data report with the agreed-upon data for the relevant monitoring period, a clearly explained methodology, and any amended data for the monitoring periods between February 1, 2025, and July 31, 2026, based on the new methodology. The supplemental data report should also include an explanation of what, if anything, changed and whether any "outliers" or other data are intentionally excluded from analysis.

(2) With regard to patients awaiting admission from ADOC custody, the parties shall include in all future joint reports information about the people who are awaiting admission from ADOC custody, an explanation of how they are accounted for without distorting the progress made toward meeting the 30-day limit, and any other relevant data or information.

(3) Therefore, as directed in the March 2025 Amended Order on Partial Extension of the Consent Decree (Doc. 295), the parties should continue to submit their joint status reports three business days before each future status conference. The joint reports should include analysis of the progress ADMH has made on their nine-point plan, in addition to the supplemental issues of data reporting using the revised methodology and relevant information about patients awaiting admission from Alabama Department of Corrections (ADOC) custody.

DONE, this the 16th day of October, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE